The present suit is by the Association of the mixed-blood members (Affirmed Ute Citizens of Utah), organized in May 1956, claiming that the Federal Government failed to divide the Ute Tribe’s assets properly pursuant to the Ute Partition Act of August 27,1954, 68 Stat. 868, and that they received less than that to which they were entitled. On October 20, 1972 the court issued the following order:
This case comes before the court on defendant’s motion, filed February 17, 1971, for summary judgment. Upon consideration thereof, together with the opposition thereto, without oral argument, it is concluded as follows:
1. With respect to the tangible property (land, cash, and personal property), the court holds that plaintiffs’ claim, first filed here on March 14, 1969, is barred by the six-year statute of limitations. The defendant’s affidavits demonstrate, and plaintiffs do not deny, that these tangible assets were all divided and distributed by August 27,1961, when the Secretary of the Interior issued the termination proclamation. Nothing further remained to be done, and under accepted principles the claim had accrued by that time.
Plaintiffs urge that, nevertheless, the claim had not accrued by that date since (1) they did not know of, and were not chargeable as Indians with knowledge of, the claim until much later, (2) they lacked legal capacity to sue until after the close of the Secretary’s ten-year period of potential supervision on August 27,1964; and (3) in any event, until the latter date the United States had a continuing duty with respect to the tribal assets. The first point is precluded by Capoeman v. United States, 194 Ct. Cl. 664, 440 F. 2d 1002 (1971). See, also, Mann v. United States, 399 F. 2d 672 (9th Cir., 1968). The facts were all available and an Indian group’s ignorance of its legal rights does not toll the running of limitations.
The second point is likewise unacceptable. Plaintiff Affiliated Ute Citizens was organized in May 1956, and authorized *1005 “to perform all the duties and functions of the mixed-blood members” under the Partition Act. The organization acquired the right to sue (with respect to the tangible property) no later than the date of the termination proclamation in August 1961 which ended all federal supervision over those assets.
The third point is negatived by the Supreme Court’s opinion and holding in Affilated Ute Citizens of Utah v. United States, 406 U.S. 128, 139, 149-50 (1972). The Court considered the tangible property, divided and distributed before the termination proclamation, as no longer in a trust status after that date and no longer a responsibility of the Federal Government. It follows that the present claim must have accrued, insofar as tangible property is concerned, no later than August 1961.
2. With respect to the class of “intangible” property consisting of oil, gas and mineral rights, and unadjudicated and unliquidated claims against the United States, the court likewise holds the claim barred by limitations. These rights were distributed, before August 1961, in the form of shares in the Ute Development Corporation (UDC). The Supreme Court has determined that (a) UDC was lawfully created, (b) UDC is the “authorized representative” of the mixed-bloods under the Partition Act, and (c) the termination proclamation ended all federal supervision and trust relationships with respect to the UDC shares. 406 U.S. at 136-37, 143-44, 149-150. It follows, in this court’s view, that that part of plaintiffs’ claims (involving “intangible” rights covered by the UDC stock) must have accrued by August 1961. Whether the claim is that the UDC shares should have 'been distributed differently as between various kinds of mixed-bloods, or whether it is that the form of joint management by full-bloods and mixed-bloods should have been altered so as to give greater rights to the mixed-bloods, all the facts and circumstances were known and in existence at the time of the termination proclamation. By that date, the mixed-bloods knew their relative share and, just as in the case of the tangible property, could have sued individually or through the Affiliated Ute Citizens or UDC. In this connection, it makes no difference that the underlying assets may *1006 have remained in trust status. With respect to the proportion the mixed-bloods (and the various kinds of mixed-bloods) were to get, the unrestricted UDC shares now stand in the place of the underlying assets, and the relative proportions had been finally fixed. There was no power left in the Federal Government to change those proportions, and therefore the claim as to these intangibles (which relates entirely to relative proportions) had fully ripened.
3. However, the court cannot adequately determine, on the existing record, whether or not limitations also bars the claim with respect to that class of “intangible” property consisting of water rights, fishing rights, hunting rights, and rights to future growth of timber. On the presentation thus far made to the court, it is unclear whether or not this group of “intangibles” was divided and distributed before August 1961 — in the form of UDC shares, or as appurtenant to tangible property divided and distributed before that date, or otherwise. This aspect of the case should therefore be remanded to the trial commissioner for development of a fuller record, along with the trial and the commissioner’s recommended disposition of the part of the case as to which defendant has not moved for summary judgment.
it is thereeoRE ordered that, with respect to the tangible property and the group of “intangibles” consisting of oil, gas, and mineral rights, and unadjudicated and unliquidated claims against the United States, the court grants defendant’s motion on the ground that the claims are barred by limitations and to this extent the petition is dismissed.
it is ftjrtheR ordered that, with respect to the group of “intangibles” consisting of water rights, fishing rights, hunting rights, and rights to future growth of timber, the court denies the defendant’s motion without prejudice, and remands that aspect of the case to the trial commissioner for trial (or further appropriate proceedings) along with the remainder of the case.
BY THE COUNT
(Sgd.) Wilson Cowen Chief Judge