"This case, before the court on cross-motions for summary judgment, presents for resolution issues left undecided in our previous order of October 20, 1972, reported at 199 Ct. Cl. 1004. There we held the statute of limitations, 28 U.S.C. § 2501, barred plaintiffs’ claims concerning land, cash, personal assets, oil, gas, and mineral rights, and *936 unadjudicated and unliquidated claims against the United States. Left open for further factual development were claims concerning water, fishing, and hunting rights, and rights to future growth of timber. The court said that the record before it did not then permit a determination as to whether that class of intangible property had been divided and distributed by the time of the termination proclamation in August 1961.
"The parties have cooperated in formulating a stipulation of facts which now permits a disposition of the questions earlier left open. We find nothing in the record to shake our conviction that any acts for which the Federal Government might have been liable occurred by 1961, leaving plaintiffs’ 1969 filing untimely. The purpose of the termination act was to end the tribal status of mixed-blood Utes and to convert their status to that of ordinary American citizens. The division and distribution of assets of which plaintiffs complain were effected by 1961, all intangible assets being conveyed either in the form of shares in the Ute Distribution Corporation or as appurtenant to land; whatever claims plaintiffs may have had matured then and became barred by the statute of limitations in 1967. Plaintiffs contend that their rights matured in 1966, when the range corporations were dissolved and certain of their assets were acquired by the tribe. But, whatever rights the mixed-bloods took were fixed in 1961, after which the Federal Government took no actions affecting the parties’ division of assets. The later payment of money by the Government to the Ufe Distribution Corporation does not affect this conclusion, since the relative shares of that corporation were finally fixed by 1961. Neither do we find merit to plaintiffs’ contention that they did not know. and could not have known that all assets were being divided by the termination procedures. Defendant’s numerous citations to the statute, to pre-termination correspondence, and to the plans for division and distribution, leave us no doubt that the mixed-bloods had notice of the finality of the termination procedures. In short, plaintiffs have pointed to no evidence, and we can find none ourselves, establishing a continued federal responsibility for claimed assets of the *937 mixed-bloods beyond the time of the termination proclamation.
"Although such a claim was not left open by our 1972 order, plaintiffs also seek compensation for the Government’s purported liability for the alleged conflict of interest of the mixed-bloods’ attorney during the termination procedures. Even if there were evidence that the attorney had a conflict of interest which injured plaintiffs and for which the Government could be held responsible, the statute of limitations bars this claim too, for the final contract between plaintiffs and the attorney ended more than 6 years before the filing of this suit.
"Plaintiffs also claim entitlement to some of the tribal funds expended on the Uintah Indian Irrigation Project. Again, no federal acts after 1961 can be found which permit plaintiffs to escape the limitations bar.
"Finally, plaintiffs ask that we vacate our 1972 order, claiming that federal acts since then have shown our previous ruling to have been erroneous. We disagree. The facts cited only show the weakness of the contention that federal responsibility for the division of tribal assets continued beyond the termination proclamation in 1961.
"IT IS THEREFORE ORDERED, upon consideration of the motions, briefs, and oral argument, that defendant’s motion for summary judgment is granted, that plaintiffs’ cross-motion for summary judgment is denied, and that the petition is dismissed.”
Plaintiffs’ petition for a writ of certiorari was denied May 15, 1978.