Hansel L. **BRAY**, Appellant,

v.

**UNITED STATES**, Appellee.

Appeal No. 85–2614.

United States Court of Appeals, Federal Circuit.

Feb. 19, 1986.

Hansel L. Bray, pro se.

John S. Groat, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for appellee.

Before MARKEY, Chief Judge, and BALDWIN and BISSELL, Circuit Judges.

### ORDER

BISSELL, Circuit Judge.

Hansel L. Bray (Bray) has filed a Suggestion (labeled "motion") for in banc reconsideration of this court's dismissal of his appeal. No judge having requested a poll, the suggestion will be declined.

Because of the importance of the issue, the panel that dismissed Bray's appeal has elected to treat his Suggestion as a Petition

---

for Rehearing and to grant that Petition to the extent set forth herein.

## Background

Acting pro se throughout, Bray sued the United States in the District Court for the Middle District of Georgia on February 20, 1985, challenging his August 1956 military discharge and seeking monetary damages. The district court construed the complaint as filed under 28 U.S.C. § 1346(a)(2), the "Little Tucker Act", and promptly dismissed it as untimely in view of the six-year statute of limitations, 28 U.S.C. § 2401(a).

On February 26, 1985, Bray appealed to the United States Court of Appeals for the Eleventh Circuit. The government argued there that this court had exclusive jurisdiction over this appeal under 28 U.S.C. § 1295(a)(2). The Eleventh Circuit then transferred the appeal to this court under 28 U.S.C. § 1631 on July 18, 1985.

On October 17, 1985, after "reconsideration" of its earlier position on jurisdiction, and after having sought and obtained an extension of time to file its brief and a suspension of proceedings, the government moved in this court for retransfer to the Eleventh Circuit, arguing that this court lacked jurisdiction. In the alternative, the government argued that this court should dismiss the appeal because the Eleventh Circuit would properly follow this court's precedent, as had the district court, and would affirm the district court's dismissal of the complaint.

The government argued that the Eleventh Circuit would affirm the district court's dismissal because "failure of the regional circuit courts to follow this court's precedent would create an absurd situation." It also announced that its latest position on jurisdiction was the same as the position it had taken in its brief in *Hurick v. Lehman*, 782 F.2d 984 (Fed.Cir.1986), and that, if the appeal were re-transferred, it would argue before the Eleventh Circuit that that court had jurisdiction under 28 U.S.C. § 1291.

In a November 21, 1985 order, this court granted the government's motion and dismissed the appeal "for lack of jurisdiction". It is that order that is reconsidered here.

## Analysis

In enacting 28 U.S.C. § 1295(a)(2) of the Federal Courts Improvement Act of 1982, P.L. No. 97–164, 96 Stat. 25 (1982) (FCIA), Congress vested in this Federal Circuit *exclusive* jurisdiction over appeals from district court judgments in cases such as this, where the jurisdiction of the district court was based on 28 U.S.C. § 1346(a)(2).

The statutory phrase "in whole or in part" in 28 U.S.C. § 1295(a)(2) would by itself make the exclusive grant of § 1346 jurisdiction to the Federal Circuit all-inclusive. The statute, however, specifies exceptions where the case was "brought in a district court under section 1346(a)(1), 1346(b), 1346(e), or 1346(f) of this title or under section 1346(a)(2) when *the* claim is founded upon an Act of Congress or a regulation of an executive department providing for internal revenue...." 28 U.S.C. § 1295(a)(2) (Emphasis added). A literal reading of the statute makes plain that the "except clause" applies only to cases brought *in whole* under one of the excepted subsections of § 1346 and *not* even "in part" under the non-revenue provisions of § 1346(a)(2). To hold that appeal lies in a regional circuit where a case in which district court jurisdiction was based on § 1346(a)(2), but in which the complaint was dismissed because it was filed out of time, would be a construction clearly contrary to the literal language of the statute and destructive of its intent. There is simply no exception in § 1295(a)(2)'s jurisdiction grant for cases in which a complaint has been dismissed on statute of limitations grounds.

It is simply senseless to say, as the government does here, that § 1295 grants exclusive jurisdiction to the Federal Circuit in cases where district court jurisdiction was based on § 1346(a)(2) and that § 1295 *also* grants jurisdiction to the regional cir-

cuits (making the first grant nonexclusive) where district court jurisdiction was based on § 1346(a)(2), but the complaint was dismissed as untimely.

In creating this court, Congress clearly expressed intent to meet the need for "a forum for appeals from throughout the country in areas of the law where Congress determines that there is special need for national uniformity." S.Rep. No. 97–275, 97th Cong., 2d Sess. 4, *reprinted in* 1982 U.S.Code Cong. & Ad.News 11, 14 (Senate Report). Suits against the government for money damages, like those under § 1346(a)(2) (the "Little Tucker Act") constituted one such area of special and long-recognized need.

Before October 1, 1982, suits against the United States for money damages in excess of $10,000 had to be filed in the Court of Claims, and suits against the United States for $10,000 or less could be filed in either the Court of Claims or in any district court. Appeals from judgments of the Court of Claims were by writ of certiorari to the Supreme Court and appeals from judgments of the district courts were to the appropriate regional circuit court of appeals. As stated in the legislative history of the FCIA, "an adequate showing has been made for nationwide subject matter jurisdiction in the areas of patent and claims court appeals." Senate Report at 3, *reprinted in* 1982 U.S.Code Cong. & Ad. News at 13.

After October 1, 1982, suits against the United States for more than $10,000 must be filed in the Claims Court, and suits for $10,000 or less may be filed in the Claims Court or in a district court. In accord with the intent of Congress expressed in the FCIA, however, *appeals* from judgments in *all* such suits filed after October 1, 1982, are within the *exclusive* jurisdiction of the Federal Circuit "to provide reasonably quick and definitive answers to legal questions of nationwide significance." Senate Report at 3, *reprinted in* 1982 U.S.Code Cong. & Ad.News at 13. The Federal Circuit hears all appeals from judgments of the Claims Court. 28 U.S.C. § 1295(a)(3).

Congress sought uniformity in the law governing suits under § 1346(a)(2) when it also assigned exclusive jurisdiction to the Federal Circuit over all appeals from all judgments of the district courts in such suits. Thus, the Federal Circuit has been granted exclusive jurisdiction, whether those suits were for more or less than $10,000 in the Claims Court or for $10,000 or less in a district court, to provide "definitive answers to legal questions" of which a proper application of the statute of limitations is one.

The legislative history of 28 U.S.C. § 1295 spells out Congress' further intent to eliminate forum shopping, as was exhaustively discussed in *Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422, 1434–35 (Fed.Cir.1984). That intent was not limited to patent-related cases, but applied equally to those which, like the present case, are filed under the Little Tucker Act. *Id.* at 1437 n. 13.

The government's latest reading of § 1295(a)(2) would reinstate the forum shopping evil Congress tried to eliminate. Views on sovereign immunity, tolling, and circumstances under which the statute of limitations begins to run, may vary among the regional circuits. The potential for the evil of forum shopping arises the moment two forums are made available. Respecting applicability of the statute of limitations to suits under § 1346(a)(2), the government's position would have the absurd result of providing 13 forums (each of twelve regional circuits for appeals from district courts and the Federal Circuit for appeals from the Claims Court).

The government's latest position would also create an insupportable necessity for multiple appeals in different courts whenever a district court's dismissal of a § 1346(a)(2) complaint as untimely was reversed by a regional circuit court. The appeal from the district court's subsequent judgment on the merits would necessarily lie in the Federal Circuit. 28 U.S.C. § 1295(a)(2). It hardly fits the dignity of the regional circuit courts to render them mere way stations for the gleaning of im-

proper dismissals from cases enroute to the Federal Circuit.

The government's current argument is that, because the statute of limitations is "jurisdictional", absence of jurisdiction in the district court means this court has no jurisdiction to determine whether the district court properly applied the statute of limitations. The government cites Court of Claims decisions saying that the statute of limitations set forth in 28 U.S.C. § 2501 is jurisdictional, and argues that 28 U.S.C. § 2401(a) (the statute of limitations applicable to suits in the district court under § 1346(a)(2)) should for consistency be so interpreted. The government misperceives the meaning of "jurisdiction" as employed by the Court of Claims in dismissing untimely complaints under the Tucker Act.

Over the years, the term "jurisdiction" has been batted about like a bird caught in a badminton game. Using "jurisdiction" as though it must have one and always the same meaning, courts and lawyers have failed to recognize that it has been given at least two distinct meanings. Both have become legitimate, but failure to recognize the distinction has led to difficulties of the type here extant.[1] A first meaning of "jurisdiction" identifies the substantive law over which a court has been *granted* power to adjudicate ("subject matter" jurisdiction). Here the district court has clearly been granted the power and authority to adjudicate claims brought under the Tucker Act, and thus has subject matter jurisdiction. Having granted that power, however, Congress had the right to limit the period of its availability to litigants after a claim arises, and did so in § 2401(a).

It is in the context of another meaning of "jurisdiction", i.e., that which identifies the circumstances under which a court may *exercise* the power it has been granted that the Court of Claims has employed the term in relation to Tucker Act claims brought more than six years after the claim arose.[2] Because the Tucker Act deals with claims for money against the government, the doctrine of sovereign immunity is implicated and suit will not lie except where the United States has consented to be sued. Thus the Court of Claims has correctly noted that consent is in that sense "jurisdictional" and, when a complainant sued at a point beyond the six year period during which the United States had consented to be sued, the Court of Claims dismissed for lack of jurisdiction.

Thus both meanings are applicable to a situation in which a Tucker Act complaint, over which a court clearly *has* subject matter jurisdiction must nonetheless be dismissed because the period during which the United States had consented to be sued had expired.

The government cites language from this court's opinions in *Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422, and *Beghin-Say International, Inc. v. Ole-Bendt Rasmussen*, 733 F.2d 1568 (Fed.Cir.1984), in support of the notion that this court has no jurisdiction "because the district court did not possess jurisdiction under § 1346(a)(2)." Neither citation is apt. Both dealt with the district court's subject matter jurisdiction, and it is the district court's subject matter jurisdiction on which the appellate jurisdiction of this court rests.

In *Atari*, this court had jurisdiction to decide the appeal on its merits because the

---

1. We need not here explicate the similar distinction between lack of jurisdiction and failure of plaintiff to state a claim on which relief may be granted.

2. *See, e.g., Hagan v. United States*, 671 F.2d 1302, 1304 (Ct.Cl.1982) (referring to "[o]ur jurisdictional 6-year statute of limitations (28 U.S.C. § 2501 ...."); *O'Callahan v. United States*, 451 F.2d 1390, 1394 (Ct.Cl.1971) ("Our statute of limitations, 28 U.S.C. § 2501, is jurisdictional and we cannot restructure it to satisfy our own

ideas of what is right and just"); *Mulholland v. United States*, 361 F.2d 237, 245 (Ct.Cl.1966) ("It has long been held that the 6-year statute of limitations relative to the institution of actions against the United States in this court is jurisdictional in nature and limits the jurisdiction of the court"); *Japanese War Notes Claimants Association of the Philippines, Inc. v. United States*, 373 F.2d 356, 358 (Ct.Cl.1967) ("This court lacks jurisdiction to hear a claim that is not filed 'within six years after such claim accrues' ").

district court's subject matter jurisdiction was based on § 1338. In *Beghin-Say,* this court lacked jurisdiction to decide the appeal on its merits because the district court's subject matter jurisdiction was not based on § 1338. There is here no question of the district court's subject matter jurisdiction under § 1346(a)(2), the sole question being whether the district court correctly dismissed the complaint because it was filed beyond the period of the government's consent to be sued set by the statute of limitations.

Interestingly, the government does not argue that the district court's jurisdiction was *not* "based in whole or in part on § 1346," the very language that gives this court jurisdiction under § 1295(a)(2). Moreover, the government misuses the term "jurisdiction" when it employs it to indicate that the district court did not "possess" the jurisdiction it was granted under § 1346(a)(2). As above stated, that § 2401(a) may preclude a complainant from availing himself of that statutorily granted subject matter jurisdiction, when the complaint (the allegations in which determine jurisdiction, *see Atari, Inc. v. JS & A Group, Inc.,* 747 F.2d at 1431–32) is untimely, does not mean that the court did not possess that jurisdiction. In all events, the subject matter jurisdiction of the district court over the complaint was here based on § 1346(a)(2). That fact is sufficient to place jurisdiction in this court over any appeal from any appealable decision of the district court in this case. 28 U.S.C. § 1295(a)(2). Accordingly, reference in the November 21, 1985 order to "lack of jurisdiction" in this court was inadvertent.

Oddly, the government argues that a transfer would not be "in the interest of justice," 28 U.S.C. § 1631, because "under the applicable precedent, that prevails in this Court, the regional circuit court of appeals would affirm the district court's judgment," and because the district court

had followed the precedent established by this court. The government says this court should therefore just dismiss the appeal. Nowhere does the government indicate the basis of its view that we cannot affirm the district court's judgment, or why, if the district court's "lack of jurisdiction" precludes us from affirming, the same lack would not preclude the regional circuit court from affirming.

Finally, it is hoped that this present ORDER will guide the government in its presumed desire for cessation of its repeated shifting of position respecting this court's jurisdiction under § 1295(a)(2) in this and other courts. In *Hurick v. Lehman,* 782 F.2d 984 (Fed.Cir.1986), this court noted the same transfer-retransfer motions filed there as were filed here. We join the *Hurick* panel in its view that the "government's dealing with the jurisdictional issue bordered on the irresponsible" and that its shift of position "betokens a casual approach to this important question that we cannot and do not condone." [3] *See* at 986.

### The Appeal

■ Having carefully reviewed Bray's brief filed in the Court of Appeals for the Eleventh Circuit and refiled in this court, Bray's informal brief and attached papers filed in this court, Bray's response to the government's motion to dismiss or transfer, and Bray's Suggestion for In Banc and accompanying argument, we find no basis whatever for refusing to affirm the district court's dismissal of the complaint as untimely in view of the six-year statute of limitations. Bray nowhere cites any reason for his having waited 29 years before challenging his discharge, nor does he set forth any basis for tolling the statute.

Because of his pro-se status it is understandable that Bray makes many irrelevant assertions (e.g., that his discharge was based on personal animosity and was an

---

**3.** The motion of the government here was filed on October 17, 1985, i.e., before this court's opinion in *Hurick* was issued. If the government has settled its position in light of *Hurick,* and now recognizes that this court has jurisdic-

tion over any appeal from any appealable decision in a case in which the district court's jurisdiction was based in whole or in part on § 1346(a)(2), it may not need the guidance here provided.

unconstitutional application of cruel and unusual punishment; that the district court's prompt dismissal of his complaint denied his constitutional right to challenge his discharge). Bray's disenchantment with the government's shifting on the appellate jurisdiction question corresponds with our own. In view of the effect of the statute of limitations on his claim against the government, however, no court may now hear any of Bray's assertions on the merits, and none of those assertions can overcome his failure to file suit within six years of his discharge.

In his Suggestion, Bray claims unfamiliarity with the Tucker Act and challenges the district court's characterization of his complaint as filed under that Act, saying "Petition[er] in the Original complaint sought $16,000,000. [in damages] as well as [benefits for] Service Connected Illnesses Physical and Mental." Were Bray's characterization accurate, prompt dismissal or transfer by the district court would have been compelled by 28 U.S.C. § 1491 because *exclusive* jurisdiction of claims against the Government for damages in excess of $10,000 lies in the United States Claims Court. *See Zumerling v. Devine*, 769 F.2d 745, 748-49 (Fed.Cir. 1985). Were such a claim to be transferred or filed in the Claims Court by Bray, it would have to be promptly dismissed as falling outside the six-year period set by the statute of limitations as the period during which the United States has consented to be sued. 28 U.S.C. § 2501. This court would of course have jurisdiction over any appeal from that dismissal, 28 U.S.C. § 1295(a)(3), and would have to affirm as it must here.

In a supplemental brief, the government seizes on Mr. Bray's assertion that he claimed $16,000,000, arguing that the complaint was not therefore under § 1346(a)(2). The argument serves no useful purpose, our affirmance of the dismissal serving to end the case and to avoid any fruitless suggestion that the complaint should have been transferred by the district court to the Claims Court under § 1631 for inevitable dismissal by that court.

Accordingly, it is ORDERED:

(1) This court's November 21, 1985 order of dismissal is vacated.

(2) The government's motion to dismiss or transfer this appeal for lack of jurisdiction is denied.

(3) Bray's Suggestion for In Banc is declined.

(4) The district court's dismissal of the complaint as untimely under 28 U.S.C. § 2401(a) is affirmed.