Vera Rogers JONES, the Estate of Ada Rogers Graham, and the Estate of Hattie Davis Rogers, Appellants,

v.

The UNITED STATES, Appellee.

Appeal No. 86–897.

United States Court of Appeals, Federal Circuit.

Sept. 23, 1986.

Richard Dauphinais, of the Native American Rights Fund, Washington, D.C., argued for appellants.

J. Carol Williams, attorney for the Dept. of Justice, Washington, D.C., argued for appellee. With her on brief were F. Henry Habicht, II, Asst. Atty. Gen., Patricia L. Weiss and David C. Shilton, attorneys, Dept. of Justice, Washington, D.C.

Before RICH, BALDWIN and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

Plaintiffs Vera Rogers Jones, the Estate of Ada Rogers Graham, and the Estate of Hattie Davis Rogers (collectively Jones), appeal from the judgment of the United States Claims Court, 9 Cl.Ct. 292 (1985), granting the motion of the defendant, the United States of America, to dismiss. We affirm.

## BACKGROUND

Jones is the successor in interest to certain property in Nez Perce County, Idaho, held by the United States as trustee pursuant to the General Allotment Act, ch. 119, 24 Stat. 388 (1887), as amended, 25 U.S.C. § 348 (1982). The county assessed taxes against the property and, when the taxes were not paid, sold the property at a tax sale. The tax sale occurred in 1937. In

1972 Jones sued the county, the tax sale purchasers, the United States, the Secretary of the Interior, and the Commissioner of Indian Affairs to recover the property and damages for the loss of its use. During the pendency of the case, Jones and the United States stipulated to the realignment of the United States as a plaintiff. The plaintiffs prevailed on their claim for return of the property, but were denied damages. On appeal, the United States Court of Appeals for the Ninth Circuit reversed the judgment on damages, but remanded stating that the district court could properly reduce the damages award based on the lack of diligence of the United States in pursuing the claims. The district court reduced the amount of damages proven at trial by fifty percent. Jones sued the United States in the Claims Court to recover the amount of the reduction.

## OPINION

■ The United States moved pursuant to Cl.Ct.R. 12(b) to dismiss the action for lack of subject matter jurisdiction because the action was time-barred. The Claims Court's general statute of limitations, codified at 28 U.S.C. § 2501 (1982), provides that: "Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Compliance with the Claims Court's statute of limitations is jurisdictional. *Bray v. United States*, 785 F.2d 989, 992 (Fed.Cir.1986) (citing cases). Thus, if Jones' claims were not timely, the Claims Court lacked jurisdiction to hear the case.

Jones asserted two claims against the United States: first, that the property was taken for public use without just compensation in violation of the Fifth Amendment of the Constitution; second, that the actions and inaction of the United States with respect to the property breached fiduciary duties owed to Jones by virtue of an express trust arising under the General Allotment Act, 25 U.S.C. § 348.

Jones' arguments on these points were thoroughly treated in the trial court's opinion filed by Chief Judge Kozinski. It is sufficient to note that the statute of limitations applies to both of Jones' claims. *See United States v. Mottaz*, —— U.S. ——, 106 S.Ct. 2224, 2230, 90 L.Ed.2d 841 (1986) (statute of limitations applied to breach of fiduciary duty claim under the Quiet Title Act); *Loesch v. United States*, 227. Ct.Cl. 34, 645 F.2d 905, 924 (1981) (statute of limitations applied to Fifth Amendment taking claim), *cert. denied*, 454 U.S. 1099, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981), *reh'g denied*, 455 U.S. 984, 102 S.Ct. 1496, 71 L.Ed.2d 695 (1982). The statute of limitations begins to run, by its terms, when a claim accrues.

■ Generally, an action for breach of fiduciary duty accrues when the trust beneficiary knew or should have known of the breach. *Menominee Tribe of Indians v. United States*, 726 F.2d 718, 720 (Fed.Cir. 1984), *cert. denied*, 469 U.S. 826, 105 S.Ct. 106, 83 L.Ed.2d 50 (1985); G. Bogert & G. Bogert, *The Law of Trusts and Trustees* § 951 (rev. 2d ed. 1982) (hereinafter Bogert); *compare United States v. Mottaz*, —— U.S. ——, 106 S.Ct. 2224, 2230, 90 L.Ed.2d 841 (1986) (discussing the application of an analogous statute of limitations under the Quiet Title Act, 28 U.S.C. § 2409a(f) (1982)). It is uncontroverted that under any breach of fiduciary duty theory advanced by Jones, the breach, if any, was known to Jones at least six years prior to filing suit in this case. To the extent that Jones' first amended complaint stated a claim against the United States for taking of property, the alleged taking occurred more than six years prior to the commencement of this case. *See Steel Improvement & Forge Co. v. United States*, 174 Ct.Cl. 24, 355 F.2d 627, 631 (1966). Consequently, each of the claims was time-barred and the Claims Court lacked jurisdiction to hear them.

■ We reject Jones' argument that the statute of limitations did not begin to run on her breach of fiduciary duty claim because the United States never clearly repudiated the trust. It is true, as a general proposition, that the statute of limitations does not begin to run with respect to a claim based upon an express trust until

there is a clear and continuing repudiation of the trust. Nevertheless, Jones' interpretation of the term "repudiate" is too narrow. A trustee may repudiate an express trust by words or, as in this case, by actions inconsistent with his obligations under the trust. *Philippi v. Philippe,* 115 U.S. 151, 157, 5 S.Ct. 1181, 1184, 29 L.Ed. 336 (1984); Bogert § 951.

■ The trial court properly dismissed this action for lack of jurisdiction over claims barred by the statute of limitations. Under these circumstances, Jones may seek redress through a private bill presented to Congress, but not before the Claims Court. We do not reach the question whether the Claims Court would have jurisdiction under the Tucker Act, ch. 359, 24 Stat. 505 (1887), as amended, 28 U.S.C. § 1491 (1982), to address a similar claim for breach of fiduciary duty arising out of the General Allotment Act, if such a claim were timely filed. *See United States v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1982); *United States v. Mitchell,* 445 U.S. 535, 540–46, 100 S.Ct. 1349, 1352–56, 63 L.Ed.2d 607 (1979).

AFFIRMED.