935 F.2d 280
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
TUNICA-BILOXI TRIBE, a sovereign Indian Nation, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5145.
 United States Court of Appeals, Federal Circuit.
 May 17, 1991.
 
 Before RICH, ARCHER and LOURIE, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 The Tunica-Biloxi Tribe (Tribe) appeals from the order of the United States Claims Court, No. 90-37 L, dismissing its complaint under Rule 58 of the Rules of the United States Claims Court because the Tribe's suit was barred under the six-year statute of limitations prescribed by the Tucker Act, 28 U.S.C. Sec. 2501 (1988), and the limitation on actions inherent in the Indian Claims Commission Act of 1946. See 28 U.S.C. Sec. 1505 (1988), 25 U.S.C. Sec. 70k (1976). We affirm.
 
 OPINION
 
 2
 The Tucker Act imposes a six-year statute of limitations for the filing of a petition on a claim against the United States. 28 U.S.C. Sec. 2501 ("Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such a claim first accrues."). In Hopland Band of Pomo Indians v. United States, 855 F.2d 1573 (Fed.Cir.1988), the court said:
 
 
 3
 [F]or the purposes of section 2501, it would appear more accurate to state that a cause of action against the government has "first accrued" only when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence.
 
 
 4
 855 F.2d at 1577.
 
 
 5
 Although the Tribe's claim may well have accrued many years earlier, its counsel acknowledged before the Claims Court that the claim was sufficiently well-known to have been brought before the Indian Claims Commission between 1946 and 1951. The record shows that the Biloxi segment of the Tribe filed a claim with the Commission for some lands. Further, the Tribe had negotiation with the State of Louisiana and also submitted a Litigation Request to the Department of the Interior with respect to its claimed lands more than ten years prior to filing its complaint in the Claims Court. Under the circumstances, the Claims Court correctly held that the Tucker Act statute of limitations had run.
 
 
 6
 The Tribe contends, however, that the statute of limitations does not bar its claim because it is based on breach by the government of a fiduciary obligation and, under the law of trusts, a cause of action for breach does not accrue until the trust is repudiated or terminated. Manchester Band of Pomo Indians, Inc. v. United States, 363 F.Supp. 1238, 1249 (N.D.Cal.1973) (citing United States v. Taylor, 104 U.S. 216 (1881). If we assume a trust relationship existed, the rule relied on by the Tribe is applicable to a claim for recovery of corpus under an express trust, see, e.g., Hopland Band, 855 F.2d at 1578, which is not involved here. At best, the assertions of the Tribe are for nonfeasance or malfeasance of the government as trustee. The Tribe contends that the government "failed as trustee to protect the Tribe's landholdings in Louisiana from being illegally possessed by third persons," [Br. at 2] and "failed to instruct its land commissioners as to the modalities of aboriginal use and occupancy, the applicable Spanish law, and neglected to supervise and oversee the operations of the land commission" which "dispossessed the Tribe [sic] of almost all of its landholdings." [Br. at 2-3]
 
 
 7
 In a malfeasance or nonfeasance case, the alleged breach giving rise to the cause of action can be sufficient to repudiate the trust and start the statute of limitations running. Jones v. United States, 9 Cl.Ct. 292, 295 (1985), aff'd on other grounds, 801 F.2d 1334 (Fed.Cir.1986); see also Hopland Band, 855 F.2d at 1578. When the government allegedly breached its trust obligations, causing the Tribe to be divested of substantially all of its land over a forty-year period prior to 1840, the claimed trust relationship was effectively repudiated. Jones, 801 F.2d at 1336. Accordingly, the Tribe's cause of action was not in any way tolled under trust concepts and the Claims Court's holding that the Tribe's complaint was time-barred under 28 U.S.C. Sec. 2501 was not erroneous.[1]
 
 
 
 [1]
 The Claims Court alternatively held that the Indian Claims Commission Act of 1946, 25 U.S.C. Sec. 70a-70w (1976), was also a bar to suit in the Claims Court because the Tribe did not present its claim to the Commission for wrongs sustained prior to the passage of that Act. See 25 U.S.C. Sec. 70k. In view of our decision, we need not consider this issue