11 F.3d 1073
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Louis L. GROMO, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5161.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1993.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Louis L. Gromo appeals from the June 23, 1993 judgment of the United States Court of Federal Claims dismissing for lack of jurisdiction, as barred by the statute of limitations, his complaint seeking from the United States the payment of interest on certain funds. We affirm.
 
 DISCUSSION
 
 2
 The pertinent facts are not in dispute. Mr. Gromo deposited a total of $1,835 in the Soldiers Deposit Program during his period of active service in the U.S. Army. Apparently unaware that interest would no longer be paid on the deposited funds after his retirement, Mr. Gromo did not withdraw his funds from the Soldiers Deposit Program upon his retirement in 1966.
 
 
 3
 On February 1, 1991, Mr. Gromo sought payment of the principal amount of his deposit, plus interest through that date--an amount that he values at over $32,000. The government did not dispute that Mr. Gromo was due at least the amount of his principal plus interest through the date of his retirement, January 31, 1966. It refused the payment of interest, however, for the period after January 31, 1966. After his claim for interest was denied, Mr. Gromo brought suit in the Court of Federal Claims. There, Mr. Gromo based his claim on the allegation that the government failed in its duty to inform him at the time of retirement that his funds would no longer earn interest. As noted above, the court dismissed Mr. Gromo's complaint for lack of jurisdiction as barred by the applicable statute of limitations--28 U.S.C. Sec. 2501.
 
 
 4
 "[J]urisdiction being a question of law," we exercise complete and independent review of the Claims Court's dismissal of Mr. Gromo's complaint. See Transamerica Ins. Corp. v. United States, 973 F.2d 1572, 1576 (Fed.Cir.1992). Failure to comply with a statute of limitations is jurisdictional, and places the claim beyond the court's power to hear. Jones v. United States, 801 F.2d 1334, 1335 (Fed.Cir.1986), cert. denied, 481 U.S. 1013 (1987). Under the applicable statute of limitations, "[e]very claim of which the Court of [Federal] Claims has jurisdiction shall be barred unless the [complaint] thereon is filed within six years after such claim first accrues." 28 U.S.C. Sec. 2501. A claim first accrues when all the events have occurred which fix the alleged liability of the government and entitle plaintiff to institute an action. Japanese War Notes Claimants Ass'n v. United States, 373 F.2d 356, 358 (Ct.Cl.), cert. denied, 389 U.S. 971 (1967).
 
 
 5
 In the present case, Mr. Gromo's claim first accrued in 1966 when the government allegedly failed to notify him upon retirement that his funds on deposit would no longer earn interest. Consequently, the period for asserting the claim expired six years later in 1972, and the Court of Federal Claims did not possess jurisdiction to hear Mr. Gromo's claim after that date.
 
 
 6
 Mr. Gromo appears to argue that, in his case, the statute of limitations was tolled. Under certain circumstances, tolling of the limitations period may be justified "where the events that occasion a redressable injury could not have been uncovered in the exercise of due diligence." Mitchell v. United States, 13 Cl.Ct. 474, 477 (1987); see also Catawba Indian Tribe of South Carolina v. United States, 982 F.2d 1564 (Fed.Cir.), cert. denied, 113 S.Ct. 2995 (1993). For instance, tolling of the limitations period is justified "where the facts are inherently unknowable at the time the injury first occurs." Mitchell, 13 Cl.Ct. at 477; see also Catawba Indian Tribe, 982 F.2d at 1571 (stating that to toll the statute of limitations, "[i]gnorance of rights which should be known is not enough.... Plaintiff must show that its injury was 'inherently unknowable' at the accrual date."). In determining whether the facts underlying a claim are "inherently unknowable," the inquiry is whether "plaintiff had sufficient notice to be held legally accountable for asserting any cause of action ... within the period of limitations." La Mear v. United States, 9 Cl.Ct. 562, 568, aff'd, 809 F.2d 789 (Fed.Cir.); see also Hohri v. United States, 847 F.2d 779, 783 (Fed.Cir.) (stating that the statute of limitations is not tolled if "[plaintiff is] on notice to inquire that [it] had a potential claim."), cert. denied, 488 U.S. 925 (1988). The party whose claim is otherwise barred by the statute of limitations has the burden of proving that the facts underlying its claim were inherently unknowable. Japanese War Notes, 373 F.2d at 358-59.
 
 
 7
 Essentially, Mr. Gromo contends that his claim was inherently unknowable because (1) his funds in the Soldiers Deposit Program earned interest prior to his retirement, and (2) since the government did not notify him to the contrary, he had no reason to suspect that his funds would cease earning interest upon his retirement.
 
 
 8
 However, even assuming that the government failed to notify Mr. Gromo, it is reasonable to conclude that he could have learned that his funds were not earning interest simply by inquiring sometime within the six year limitations period. As the United States Supreme Court has stated, "the means of knowledge are the same thing in effect as knowledge itself." Wood v. Carpenter, 101 U.S. 135, 143 (1879). Alternatively, it seems reasonable to conclude that if he had exercised due diligence, Mr. Gromo could have checked the balance of his Soldiers Deposit Program funds within six years after his retirement. If he had checked, Mr. Gromo would have learned that his balance had not increased, and he would have realized that his funds were not earning interest.
 
 
 9
 Mr. Gromo has failed to carry his burden of proving that the facts underlying his claim were inherently unknowable because it is reasonable to conclude that such facts could have been "uncovered in the exercise of due diligence." See Mitchell, 13 Cl.Ct. at 477. Consequently, the limitations period was not tolled, and Mr. Gromo's claim stands barred by the statute of limitations.