"This case is before the court on defendant’s motion to dismiss and plaintiffs response thereto. Plaintiff has unsuccessfully contested, before the General Services Board of Contract Appeals, its default termination of a contract (No. GS-00-10916) for purchase of certain computer equipment, and the imposition of liquidated damages and excess costs on reprocurement. GSBCA-4217 and 4218, 76-1 BCA ¶ 11,859; motion for reconsideration denied 76-2 BCA ¶ 12,163.
"On December 30, 1971, GSA solicited proposals for the lease or purchase of the equipment. The time for receiving offers, as amended, was January 27, 1972, and the required delivery date was March 1, 1972. Prior to the original closing date of January 10, 1972, plaintiff submitted an offer. On February 10, 1972, plaintiff wired defendant of a reduction in its bid on certain items. On February 15, 1972, GSA called plaintiff and advised its answering service that it had been awarded the contract. This notice was confirmed in a telephone conversation with plaintiffs vice president on the following morning. Plaintiff was mailed a written acceptance on February 16, 1972.
"On February 17, 1972, plaintiff sent a telegram to GSA withdrawing its offer. The telegram was received by defendant on the following morning. The GSA contracting officer terminated the contract for default by reason of plaintiffs failure to deliver by March 1,1972. Plaintiff filed a mistake-in-bid claim with the General Accounting Office. The claim was denied in the Comptroller General’s decision, No. B-177944, on June 6, 1974. Plaintiff then pursued its administrative remedies before the GSA, as noted above, again failing to win relief.
"The solicitation required that a written award mailed to the successful offeror within the time for acceptance specified in the offer would be deemed to result in a binding contract. [Para. 10(d), Standard Form 33A, Mar. *788 1969.] The GSA board ruled that plaintiffs attempted withdrawal of its offer was too late, since it was not received prior to the award. The petition asks us to set aside this decision and to declare the contract null and void and to set aside the liquidated damages and excess costs assessed. Plaintiff asks also for a trial at which it wishes to present its position showing that it should be absolved of any liability. Plaintiff alleges that the invitation was ambiguous, that GSA misinterpreted its bid, that there was no meeting of minds and that the reprocurement costs are improper and the liquidated damages clause of the contract is meaningless. We note that plaintiff makes no claim for money damages, unless we assume that the claim is for a refund of the liquidated damages arising from excess costs of reprocurement. But, we are not shown that plaintiff has paid those damages. What plaintiff seems to be asking in the petition is that we enter a declaratory judgment holding that it doesn’t owe liquidated damages because the contract was invalid and the administrative decision should be set aside. Plaintiffs response to the motion to dismiss admits, however, the existence of the express contract, and contends that since approximately $30,000 in liquidated damages have been assessed we have before us a "claim” which entitles us to determine under the Tucker Act, 28 U.S.C. § 1491 (1970), what relief if any plaintiff should have. We come down then to plaintiffs claim that we should set aside the board’s decision that a valid contract existed but which plaintiffs response to the pending motion admits did exist.
"Plaintiffs insurmountable difficulty is that it does not show that it claims money had or received from it by defendant, or breach of an agreement or law requiring payment to it by defendant. The jurisdiction of this court is limited to the award of money damages, and we cannot award specific relief. Glidden Co. v. Zdanok, 370 U.S. 530, 557 (1962); Austin v. United States, 206 Ct. Cl. 719, 723, cert. denied, 423 U.S. 911 (1975); Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 605, 372 F. 2d 1002, 1007 (1967). If plaintiff had pleaded a proper claim, defendant would be able to claim a setoff or counterclaim for the liquidated damages under 28 U.S.C. § 1503 or § 2508. *789 Brown v. United States, 207 Ct. Cl. 768, 785-86, 524 F. 2d 693, 703 (1975). That is not the situation before us, and we have no jurisdiction of the matter. Urban Sys. Dev. Corp. v. United States, 208 Ct. Cl. 952 (1975).
"it is therefore ordered, upon consideration of the petition, the motion to dismiss and plaintiffs response thereto, without oral argument, that the defendant’s motion to dismiss be and it is allowed and the petition is dismissed.”
Plaintiffs motion for rehearing was denied June 24, 1977.