This case is before the court on defendant’s motion to dismiss. After careful consideration of the parties’ submissions and without oral argument, we allow the defendant’s motion.
On September 21, 1976, plaintiff, an individual doing business as H & B Logging Co., entered into a written timber sales contract with the United States Forest Service. Under the contract, plaintiff agreed to purchase timber it would log from a specified portion of the Klamath National Forest in California. In April 1977, before plaintiff began *476 logging under the contract, a forest fire burned a portion of the contract area. On May 25, 1977, the plaintiff entered into a written modification of the contract with the Forest Service. The written modification specified both the volume of timber that would be cut and purchased and the price per unit timber. In this suit, plaintiff alleges he and the Forest Service entered a binding oral agreement prior to, and apart from, the written modification. Under the alleged oral agreement, the payment schedule would be adjusted at some time in the future when more knowledge was available as to the actual physical condition of the burned timber upon logging and market prices for such damaged timber.
In June 1978 plaintiff completed the logging authorized by the written modification and tendered full payment based upon the prices set by the modification. In November, plaintiff learned another company had logged an adjacent area of the Klamath Forest under a contract with a lower price. Plaintiff has attempted through administrative means to recover the difference between the price it paid and the lower price paid by the other company. Having exhausted its administrative remedies, plaintiff is before this court where it is alleging for the first time that the money should be refunded on the basis of the alleged oral agreement.
The oral agreement entered into by the parties is without force under the parol evidence rule. As the Supreme Court said in Brawley v. United States, 96 U.S. 168, 173-174 (1877):
The written contract merged all previous negotiations, and is presumed, in law, to express the final understanding of the parties. If the contract did not express the true agreement, it was the claimant’s folly to have signed it. * * * Previous and contemporary transactions and facts may be very properly taken into consideration to ascertain the subject-matter of a contract, and the sense in which the parties may have used particular terms, but not to alter or modify the plain language which they have used.
This court has consistently applied the principles stated in Brawley. Baggett Transportation Co. v. United States, 162 Ct. Cl. 570, 319 F. 2d 864 (1963); Butz Engineering Corp. v. *477 United States, 204 Ct. Cl. 561, 499 F. 2d 619 (1974). The plaintiff, subsequent to the oral agreement, entered into a written agreement that provided, "[t]he conditions of sale are completely set forth in this contract * * *.” Thus, by its own terms this was an integrated contract. There were no ambiguities as to the prices set by the contract. The oral agreement specifically contradicted the price terms set out by the written modification. The oral agreement is therefore of no weight.
Further, the full and timely payment made by the plaintiff under the terms of the contract constitutes an accord and satisfaction. This bars the plaintiff from now asserting its claim for a price change. Merritt-Chapman & Scott Corp. v. United States, 198 Ct. Cl. 223, 458 F. 2d 42 (1972), Artwohl v. United States, 193 Ct. Cl. 382, 434 F.2d 1319 (1970), Winder Aircraft Corp. v. United States, 188 Ct. Cl. 799, 412 F. 2d 1270 (1969). It should be noted no reservations were expressed by the plaintiff at the time of payment. If plaintiff had reservations, they should have been expressed to preclude such payment from constituting an accord and satisfaction. Merritt-Chapman, 198 Ct. Cl. at 229, 458 F. 2d at 45.
Lastly, there was no contract implied in fact. For such a contract to have existed there must have been "a meeting of the minds which is inferred from the conduct of the parties, and in light of the surrounding circumstances, shows their tacit understanding.” Somali Development Bank v. United States, 205 Ct. Cl. 741, 751, 508 F. 2d 817, 822 (1974). There was no conduct of the parties that demonstrated an uncertainty as to price. In fact, plaintiff tendered full payment in accordance with the written agreement with no mention of any price adjustment. It sought a price adjustment only after it learned of the price paid by the other company. In addition, as we said in Algonac Manufacturing Co. v. United States, 192 Ct. Cl. 649, 428 F. 2d 1241 (1970), "[tjhere can be no implied contract when there is an express contract between the parties covering the same subject. Id. at 673, 428 F. 2d at 1255.
Thus, in conclusion, there is no basis upon which the plaintiff may have the contract price paid adjusted.
*478 it is therefore ordered that defendant’s motion to dismiss be and is hereby allowed. Plaintiffs petition is hereby dismissed.