In this petition on transfer here from the United States District Court for the Southern District of California, plaintiff, pro se, Ken Bourke describes himself as a licensed real estate broker in California. Plaintiff, pro se, Richard W. Johnson is stated in the petition to be a real estate investor. Johnson, represented by Bourke, sought to purchase certain property located at 9170 Todos Santos Road, Santee, California, by submitting a bid to the owner, the Department of Housing and Urban Development (HUD). It is alleged that the bid was rejected in favor of a lesser bid on the grounds that plaintiff Johnson would not be the owner-occupant of the said property if it was sold to him. Bourke states that he thus lost a commission of $1755.05 on this particular transaction.
As a further cause of action, plaintiff Bourke alleges that he has, in a similar manner, lost at least 10 other commissions by what he describes as an unfair and discriminatory departmental policy. He states that these lost commissions approximate $17,000.
*796 The relief requested here is that the court (1) enter a temporary restraining order and a preliminary injunction ordering defendant to refrain from acting on bid offers on the grounds that the bidder must be one who would be an owner-occupant if the bid was accepted; (2) prohibit any sales now, or in escrow, and all future sales impeded by such a policy; (3) enter a declaratory judgment that the aforesaid procedure is a violation of plaintiffs’ first and fifth amendment rights; (4) have a trial by jury on the claims; (5) enter a permanent injunction to stop the aforesaid alleged discriminatory treatment of plaintiffs; (6) enter a court order to set aside the sale of the HUD property at 9170 Santos Road; (7) make payment of the sum of $1,755.05 to plaintiff Bourke as his rightfully earned commission on said transaction; (8) make payment of compensatory and punitive damages of $17,000 to each plaintiff for losses caused by unmerited rejection of their past bid offers and violation of their constitutional rights; (9) award reasonable costs and attorney fees; and (10) issue a writ of mandamus.
Court of Claims rule 35 requires that a petition cite the act of Congress, regulation of an executive department or agency, or Executive order of the President relied upon to support the claim asserted and to show jurisdiction in the court. That has not been done here. A vague reference to an alleged discriminatory policy of an agency is insufficient to establish it as such. Further, it is apparent that this court has none of the authority to grant the relief sought by plaintiffs in any event. We do not have authority to issue an injunction, writ of mandamus, or to hold jury trials. Our authority is as described in 28 U.S.C. §1491 (1976). We are a court of limited jurisdiction. No valid money claim is asserted here under the Constitution. No contract has been breached. No money claim has been identified over which Congress has given us jurisdiction. Not every claim is cognizable in this court. United States v. King, 395 U.S. 1, 5 (1969); Computer Wholesale Corp. v. United States, 214 Ct. Cl. 786 (1977); Austin v. United States, 206 Ct. Cl. 719, 723, cert. denied, 423 U.S. 911 (1975); Eastport S.S. v. United States, 178 Ct. Cl. 599, 605, 372 F.2d 1002, 1007 (1967).
*797 it is therefore ordered that, without oral argument, the petition is dismissed for failure to state a claim within the jurisdiction of the court.