**OVERALL ROOFING & CONSTRUC-
TION INC., a/k/a Overall Roofing,
Inc., Plaintiff–Appellant,**

v.

**The UNITED STATES,
Defendant–Appellee.**

No. 90–5113.

United States Court of Appeals,
Federal Circuit.

March 29, 1991.

J. Hatcher Graham, Clarke, Moore, Daly & Graham, of Warner Robins, Georgia, argued, for plaintiff-appellant. With him on the brief was John T. Murphy, Milborne, Fla., of counsel.

Sharon Y. Eubanks, Dept. of Justice, Washington, D.C., argued, for defendant-appellee. Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen, Asst. Director and J. Andrew Jackson, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, D.C., were on the brief, for defendant-appellee.

Before ARCHER, MAYER, and
RADER, Circuit Judges.

MAYER, Circuit Judge.

## OPINION

Overall Roofing & Construction Inc., appeals the judgment of the United States Claims Court dismissing its complaint without prejudice for lack of jurisdiction. 20 Cl.Ct. 181 (1990). We affirm.

### Background

Overall was awarded a roof repair contract at the Naval Air Station, Key West, Florida, in September of 1987, but as work proceeded the government became dissatisfied with the structural integrity of several roofs and demanded their removal and reconstruction. Overall refused and the contracting officer terminated the contract for default by a final decision on October 25, 1988. The final decision did not make any demand for money, but it reserved all rights and remedies provided by law or under the contract, including the right to assess any increased costs associated with securing completion of the work covered by the defaulted contract.

Overall filed a complaint in the Claims Court seeking review of the termination for default. The court dismissed the complaint without prejudice because it had no jurisdiction to consider the propriety of the default termination until one of the parties made a specific claim for monetary relief.

### Discussion

█ The issue is whether the Claims Court has jurisdiction over a case contesting only the propriety of a termination for default and presenting no claim for money; in other words, one asking only for a declaratory judgment that the termination

was wrongful.[1] The Claims Court, of course, has jurisdiction only where and to the extent that the government has waived its sovereign immunity, and any waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); *Fidelity Constr. Co. v. United States*, 700 F.2d 1379, 1387 (Fed.Cir.1983). *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983), clarified that the Tucker Act is a waiver of sovereign immunity for "specified types of claims," but said nothing about the extent to which the government may be subjected to judicial remedies.

*King* held that the Declaratory Judgment Act, 28 U.S.C. § 2201,[2] did not permit the old Court of Claims to enter declaratory judgments because it did not contain an express grant of such power to that court. 395 U.S. at 5, 89 S.Ct. at 1503. The ostensibly broad language of the statute permitting *"any* court of the United States" to issue declaratory judgments, was limited by its first clause to "actual controvers[ies] *within its jurisdiction."* *Id.* at 4, 89 S.Ct. at 1502 (emphasis added). Because historically the Court of Claims was prohibited from issuing declaratory judgments and the Declaratory Judgment Act did not expressly alter that situation, the Supreme Court said declaratory judgments remained beyond the scope of its jurisdiction.

■ Overall argues that legislative changes since *King* have so altered the jurisdictional landscape that the Declaratory Judgment Act now applies to the Claims Court. The court may therefore consider suits challenging terminations for default without any associated claim for money

damages. It suggests that the Contract Disputes Act of 1978, Pub.L. No. 95–563, 92 Stat. 2383, and the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 133(a), 96 Stat. 25, 39, together with our opinion in *Malone v. United States*, 849 F.2d 1441 (Fed.Cir.1988), also signal a widening of Claims Court jurisdiction. We disagree with both propositions. We do not believe *Malone* and the statutes, whether taken separately or together, approach the standard for a waiver of sovereign immunity. Nor do we see a precisely drawn statutory scheme effecting such a fundamental change in the Claims Court's jurisdiction. *See Matias v. United States*, 923 F.2d 821, 825 (Fed.Cir.1990) (citing *United States v. Fausto*, 484 U.S. 439, 448, 108 S.Ct. 668, 673, 98 L.Ed.2d 830 (1988), and holding that the Claims Court retained its historical jurisdiction over collateral attacks on courts-martial despite the government's arguments that legislative developments had abrogated that jurisdiction).

Taking the most obvious first, the Declaratory Judgment Act by its own terms gives only "courts of the United States" declaratory judgment power. 28 U.S.C. § 2201 (1988). A "court of the United States" is a court whose judges "are entitled to hold office during good behavior," *id.* § 451; judges of the Claims Court are appointed for terms of fifteen years, *id.* § 172(a). We think it would take a pointed and specific legislative enactment to fit the Claims Court into sections 451 and 2201. *See Essex Electro Eng'rs v. United States*, 757 F.2d 247, 251 (Fed.Cir.1985).

Overall contends, though, that two provisions of the Contract Disputes Act expressly grant jurisdiction to the Claims Court. One added a sentence to the Claims Court's

---

**1.** Overall framed the issue as follows: "This appeal involves purely a question of law, i.e., does the United States Claims Court have jurisdiction to rule on the propriety of a government termination for default prior to either: 1) the contractor filing with the contracting officer a claim for specific monetary damages and the issuance of a contracting officer's final decision on that claim or, 2) the contracting officer issuing a claim on behalf of the government for a specific, liquidated amount."

**2.** Section 2201(a), the current version of the Act, states in relevant part: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a) (1988).

primary jurisdictional statute, the Tucker Act, which gave the Claims Court "jurisdiction to render judgment upon any *claim* by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978." 28 U.S.C. § 1491(a)(2) (1988) (as amended by Federal Courts Improvement Act § 133(a), 96 Stat. at 40) (emphasis added). But the word "claim" carries with it the historical limitation that it must assert a right to presently due money. *King*, 395 U.S. at 3, 89 S.Ct. at 1502.

To construe "claim" as contemplating a naked appeal from a termination for default would also render section 1491(a)(3) superfluous. This proviso added by section 133(a) of the Federal Courts Improvement Act,[3] 96 Stat. at 40, expanded the scope of the Claims Court's power beyond what the Court of Claims had per *King*, but limited it to declaratory judgments (and other equitable measures) solely in the pre-award bid protest area. *See Placeway Constr. Corp. v. United States*, 920 F.2d 903, 906 (Fed.Cir.1990); *United States v. John C. Grimberg Co.*, 702 F.2d 1362, 1369 (Fed. Cir.1983). This case, of course, is not a bid protest.

Overall also relies on section 609(a)(1) of the Contract Disputes Act as proof Congress has waived sovereign immunity for cases like the one here. That section states that "a contractor may bring an action directly on the *claim* in the United States Claims Court, notwithstanding any contract provision, regulation, or rule of law to the contrary." 41 U.S.C. § 609(a)(1) (1988) (emphasis added). Because *Malone* stated that "[c]aselaw supports the proposition that a government decision to terminate a contractor for default is a government claim," 849 F.2d at 1443, Overall thinks its termination for default is properly before the Claims Court. But *Malone* was about cases before the boards of contract appeals under a different jurisdictional provision, 41 U.S.C. § 607(d) (1988), from the one

covering the Claims Court. Its jurisdiction is circumscribed by the Tucker Act as historically defined; the jurisdiction of the boards, of course, is not. This distinction was not lost on the *Malone* court; it expressly disclaimed any intent to address the jurisdiction of the Claims Court. 849 F.2d at 1444.

As we explained in *Dewey Elecs. Corp. v. United States*, 803 F.2d 650, 655 (Fed.Cir. 1986), "[s]ection 606 provides authority for a contractor to appeal a 'contracting officer's *decision*,' and § 607(d) grants to an agency board jurisdiction 'to decide any appeal from a *decision* of a contracting officer....' " The footnote following this passage continued: "In contrast to the authority of an agency board to review the *decision* of a contracting officer, 41 U.S.C. § 609 (1982) states that 'a contractor may bring an *action directly on a claim* in the United States Claims Court'...." *Dewey*, 803 F.2d at 655 n. 7. (Emphasis added by the court.) In other words, the statute contemplates that boards will hear appeals of decisions, but the Claims Court will only entertain suits on claims, and those claims are limited to demands for money presently due and owing. A default termination *decision* is not such a *claim*.

The policies underlying the outcome in *Malone* also weigh against Overall's position. Whereas the boards historically addressed challenges to default terminations, the Claims Court was prohibited from issuing declaratory judgments. Indeed, after *King* the Court of Claims refused to hear Wunderlich Act appeals of board decisions that did not include money damages. *E.g., Palmetto Enters., Inc. v. United States*, 221 Ct.Cl. 875 (1979); *Computer Wholesale Corp. v. United States*, 214 Ct.Cl. 786, 566 F.2d 1189 (1977). *Malone* sought to maintain the boards' jurisdiction against constriction; in this case we maintain the Claims Court's jurisdiction against expansion beyond what Congress authorized. Jurisdiction over terminations for default

---

**3.** 28 U.S.C. § 1491(a)(3) (1988) states: "To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security."

makes sense in the boards setting because they are intended to provide "to the fullest extent practicable, informal, expeditious, and inexpensive resolution of disputes." 41 U.S.C. § 607(e) (1988). In light of the greater formality of the Claims Court, however, the more efficient approach is to appeal all issues together. *See, e.g., Placeway,* 920 F.2d at 906.

Congress considered giving the Claims Court broad declaratory judgment authority in 1978, *see, e.g.,* 124 Cong.Rec. 36267 (1978) (statement of Sen. Byrd that Section 14(k) of S. 3178, which would have given the Court of Claims Declaratory Judgment Act jurisdiction, was deleted prior to passage of the Contract Disputes Act), and again in 1981, *see, e.g.,* H.R.Rep. No. 312, 97th Cong., 1st Sess. 43 (1981) (whether the Federal Courts Improvement Act's grant of equitable power to the Claims Court in pre-award contract controversies should be even broader "will have to wait for a later date"), but decided not to because it would hamper the government's administration of contracts and the efficiency of the process for redressing claims against the government in the Claims Court. *See Grimberg,* 702 F.2d at 1369. It would be singularly inappropriate for us to invest the Claims Court with the authority Congress has specifically, intentionally, and repeatedly withheld.

### Conclusion

Accordingly, the judgment of the Claims Court is affirmed.

AFFIRMED.