TECOM INDUSTRIES, INC., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 629–89C.

United States Claims Court.

Oct. 9, 1991.

Ronald S. Perlman, for plaintiff.

Christopher R. Yukins, for defendant.

## ORDER

HARKINS, Senior Judge.

Pursuant to order, oral argument was heard in this case on October 8, 1991, in the United States Claims Court, Washington, D.C.

The pleadings are:

Complaint, filed November 16, 1989;

Answer, filed July 5, 1990; and

First Amended Complaint, filed June 17, 1991.

The motion papers are as follows:

Defendant's Motion to Dismiss, filed February 15, 1990;

Plaintiff's Response to Defendant's Motion to Dismiss, filed March 21, 1990;

Defendant's Reply, filed April 6, 1990;

Defendant's Motion for Leave to File Supplemental Authority, filed May 23, 1990;

Plaintiff's Response to Defendant's Motion for Leave to File Supplemental Authority, filed May 30, 1990;

Order, dated June 4, 1990;

Defendant's Motion to Vacate Order of June 4, 1990, and to Dismiss for Lack of Jurisdiction, filed April 12, 1991;

Plaintiff's Motion for Leave to file Amended Complaint, filed May 1, 1991;

Plaintiff's Response to Defendant's Motion to Vacate and Dismiss, filed May 29, 1991;

Defendant's Response to Plaintiff's Motion for Leave to File an Amended Complaint and Reply in Support of Defendant's Motion to Dismiss, filed June 3, 1991;

Plaintiff's Reply to Defendant's Response, filed June 12, 1991;

Defendant's Motion to Dismiss Amended Complaint, filed September 10, 1991;

Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint, filed September 10, 1991;

Defendant's Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint, filed September 10, 1991.

A bench ruling was made at the close of argument. The reasons for the decision were stated on the record.

Tecom Industries, Inc. filed a complaint on November 16, 1989, to appeal final decisions of the contracting officer to terminate four contracts. The complaint invokes this court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), and the Contract Disputes Act, 41 U.S.C. § 609(a)(1).

Tecom contests the termination for default of four contracts between it and the United States Navy on the basis of failure to make progress as to endanger performance. The contracts in question, Nos. N00163-83-C-0015, N00163-85-C-0232 N00163-87-M-2339, N00163-87-C-0348, were for production of Walleye missile antennas for the Naval Avionics Center, Indianapolis, Indiana.

In a final decision dated May 2, 1989, the contracting officer terminated for default contract No. 0232. The May 2, 1989, letter found Tecom to be obligated to the United States for $72,730 in unliquidated progress payments, and requested repayment in that amount. The final decisions of the contracting officer to terminate contracts Nos. 0015, 0232 and 2339 were issued May 16, 1989.

The initial complaint in this court, filed November 16, 1989, was an appeal from the contracting officer's decisions that terminated the contracts for default. The complaint alleged the default terminations were improper and requested a judgment treating the terminations as for the convenience of the Government, and finding a constructive change for failure to disclose superior knowledge. The complaint did not request a specific amount of money damages or a claim that money was presently due and owing. The complaint did request an award of interest on the amount of the judgment in accordance with the CDA.

By letter dated April 30, 1990, Tecom submitted to the contracting officer a claim for termination for convenience costs for contract Nos. 0232, 0348 and 2339. By letter dated May 17, 1990, the contracting

officer notified Tecom that the claim was premature and would not be considered pending the appeal to the Claims Court on the merits of the default terminations.

On June 4, 1990, Tecom sought leave to amend its complaint to include a claim for termination for convenience costs. On that date, defendant's motion to dismiss was denied, citing *Moser Industrienmontage GmbH v. United States*, No. 254–88C (Order dated Apr. 24, 1989). On June 5, 1990, Tecom's motion to amend its complaint was denied as moot.

On April 11, 1991, defendant filed a second motion to dismiss predicated upon the decision of the Court of Appeals for the Federal Circuit in *Overall Roofing & Construction, Inc. v. United States*, 929 F.2d 687 (Fed.Cir.1991). On May 1, 1991, Tecom filed a motion for leave to file an amended complaint. Defendant opposed the motion. Tecom's motion was granted, and the amended complaint was filed on June 17, 1991.

The amended complaint is based on the certified termination claims submitted to the contracting officer on April 30, 1990, and the amounts claimed:

> Contract No. 0232 — $242,175
> Contract No. 0348 — $141,342.63
> Contract No. 2339 — $17,824.38

Defendant's motion to dismiss is filed under to RUSCC 12(b)(1) (lack of subject matter jurisdiction). For purposes of dismissal on the pleadings, the complaint filed November 16, 1989, states a claim within the subject matter jurisdiction of this court. 28 U.S.C. § 1491(a)(1); 41 U.S.C. § 609(a)(1); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Bray v. United States*, 785 F.2d 989, 992 (Fed.Cir.1986). Accordingly, defendant's motion to dismiss on the pleadings for lack of subject matter jurisdiction is denied.

■ Defendant's motion is considered as a motion under RUSCC 12(b)(4) (failure to state a claim upon which relief can be granted). Inasmuch as the motion papers include matters outside the pleadings that are not excluded by the court, defendant's motion is treated as one for summary judgment and disposed of as provided in RUSCC 56.

There is no genuine issue as to any material fact and disposition of the claims in the initial complaint and in the amended complaint by summary judgment is appropriate.

Plaintiff's original complaint in this court contested only the propriety of the default terminations. No claim was made for a specific amount of money owed as damages or for equitable adjustments under the contracts. Accordingly, the original complaint did not state a claim on which this court could give relief. *Overall Roofing & Construction, Inc. v. United States*, 929 F.2d 687 (Fed.Cir.1991).

■ Tecom asserts that the contracting officer's demand for the return of progress payments in contract No. 0232 is a government claim on which it may bring an action under the CDA. When made, the contracting officer's request for repayment of unliquidated progress payments in the May 2, 1989, decision was a claim for money. That claim, however, was extinguished on July 1, 1989, when Tecom voluntarily paid without protest. Tecom's payment eliminated the contracting officer's claim that money was presently due to the Government. The Government cannot bring a claim that has been satisfied by full payment. *See Routed Thru–Pac, Inc. v. United States*, 185 Ct.Cl. 428, 440, 401 F.2d 789 (1968).

Initially, Tecom did dispute the Government's right to the return of the progress payments. By letter dated June 1, 1989, Tecom claimed that "the progress payment liability has been covered by actual material"; thus, "Tecom is not required to submit a check" for the progress payments. The contracting officer responded by letter dated June 2, 1989, and requested return of the progress payments, pursuant to the contract's default clause. Tecom forwarded payment of $72,730 with $560 in interest, by check totalling $73,290. There is no indication in the correspondence, on the check or on the check stub, that Tecom was paying under protest or under any restric-

tion or reservation as to the payment. Tecom acquiesced in the Government's view that Tecom was legally obligated to repay the progress payments. Without protest to the repayment, Tecom cannot now renege on the acquiescence. *Herman v. United States*, 229 Ct.Cl. 475, 477 (1981).

Tecom contends that the amended complaint includes claims for money that overcome any infirmity in the claim under *Overall*. Tecom argues that the contracting officer has constructively denied the April 30, 1990, termination for convenience claims, under the "deemed denial" provisions of the CDA. 41 U.S.C. §§ 605(c)(1) & (5).

■ Tecom's contentions as to a deemed denial do not comply with the relevant provisions of the CDA. The claim as to contract No. 2339 was for less than $50,000. The contracting officer cannot be deemed to have denied that claim because Tecom did not make a "written request to the contracting officer for the decision to be rendered within 60 days." 41 U.S.C. § 605(c)(1). Section 605(c)(1) does not provide a 60–day time frame for claims of more than $50,000. Section 605(c)(2) states that a contracting officer should issue a decision within 60 days of receipt of a submitted certified claim over $50,000 or notify the contractor of the amount of additional time needed to render a decision. According to section 605(c)(5), "any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision ... denying the claim and will authorize the commencement of the appeal or suit ... in the event of an appeal or suit is so commenced in the absence of a prior decision of the contracting officer, the tribunal ... may stay the proceedings to obtain a decision on the claim by the contracting officer." A suit "so commenced" pursuant to Section 605(c)(5) is one which is commenced *following* the passage of 60 days after the submission of the claim to a contracting officer without a decision, not a suit that is commenced *before* the claims are submitted to the contracting officer.

■ With respect to contract Nos. 0232 and 0348, the contracting officer did not make a determination because of the pendency of Tecom's claim in this court on the default termination. Once the issue of the validity of the termination for default has been challenged here, the contracting officer lacked authority to proceed on Tecom's termination for convenience claims because he would have had to decide whether the contracts had been wrongfully terminated. The Attorney General has the duty to conduct litigation in which the United States is a party and to supervise all such litigation. 28 U.S.C. §§ 516 & 519. This power is exclusive and plenary. *Hughes Aircraft Co. v. United States*, 209 Ct.Cl. 446, 534 F.2d 889, 901 (1976).

Inasmuch as Tecom filed its request for relief in the Claims Court before it filed its claims for termination for convenience costs with the contracting officer, the contracting officer could not act upon the claim. Accordingly they cannot be deemed denied. This court cannot stay action under section 605(c)(5) while the contracting officer assesses Tecom's claim, or proceed on a claim under the CDA in the absence of a decision, or deemed denial of a claim, by the contracting officer.

For the reasons stated at the close of argument, on the issue of whether the pleadings state a claim on which relief may be granted by this court, defendant's motion, treated as a motion for summary judgment, is ALLOWED. No decision is made or implied as to the validity of the terminations for default made by the contracting officer. The Clerk is directed to dismiss the complaint. No costs.