SCOTT AVIATION, Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–
Appellee.

No. 91–5036.

United States Court of Appeals,
Federal Circuit.

Jan. 21, 1992.

Scott W. Woehr, Doyle, Simons & Bachman, Washington, D.C., argued for plaintiff-appellant. With him on the brief were James D. Bachman and Sarah J. Gaston.

Sharon Y. Eubanks, Asst. Director, Commercial Litigation Branch, Department of Justice, of Washington, D.C., argued for defendant-appellee. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen., and David M. Cohen, Director.

Before RICH, RADER and ALARCON,[*] Circuit Judges.

RADER, Circuit Judge.

Scott Aviation (Scott), appeals the November 8, 1990 Order of the United States Claims Court dismissing its complaint with prejudice. *Scott Aviation v. United States*, 21 Cl.Ct. 782 (1990). Because Scott's complaint in effect requests a declaratory judgment, the Claims Court lacks subject matter jurisdiction. In the absence of jurisdiction, the Claims Court erred in dismissing the complaint with prejudice. Therefore, this court vacates the Claims Court Order and remands with instructions to dismiss without prejudice.

I.

In June 1987, the United States Army awarded a contract to Scott to produce protective face masks for use in chemical and biological warfare. The contract set a deadline for Scott to provide the Army with waterline drawings for faceblanks, nose-

---

[*] Honorable Arthur L. Alarcon, United States Court of Appeals for the Ninth Circuit, sitting by designation.

cups, and packaging support forms. Scott did not meet the deadline.

On May 5, 1989, the Army sent Scott a telegram terminating a portion of the contract for default. Scott received the telegram on May 8, 1989. On May 15, 1989, the Army sent a certified letter to confirm the termination decision. Scott received this letter on May 19, 1989. The May 15, 1989 letter advised Scott of its appeal rights in accordance with the relevant Federal Acquisition Regulation (FAR). Scott chose not to exercise its right to appeal the contracting officer's final decision to the Armed Services Board of Contract Appeals within 90 days. *See* 41 U.S.C. § 606 (1988).

Instead, nearly a year later, on May 16, 1990, Scott filed a claim with the contracting officer for costs. Scott requested the contracting officer to convert the termination for default into a termination for convenience and award costs. A final decision on Scott's claim never issued. On May 18, 1990, two days later, Scott filed a claim in the United States Claims Court requesting conversion of the termination for default into a termination for convenience. Scott also sought costs.

The Claims Court, sua sponte, dismissed Scott's complaint for lack of jurisdiction. *Scott Aviation v. United States*, 20 Cl.Ct. 780 (1990). The court reasoned that Scott had not provided the contracting officer the requisite sixty days to issue a final decision on the May 16, 1990 claim. *See* 41 U.S.C. § 605(c)(2) (1988). The day after the Claims Court ruling, July 25, 1990, the Government filed a motion for reconsideration requesting the court vacate the judgment and dismiss the complaint with prejudice. Although the Government later filed supplemental authority against dismissal with prejudice, the Claims Court granted the Government's motion.

## II.

 The issue of whether a court has proper jurisdiction is a question of law and,

therefore, reviewed *de novo*. *Nichimen Am., Inc. v. United States*, 938 F.2d 1286 (Fed.Cir.1991). Scott requested the Claims Court to convert a termination for default into a termination for convenience with costs. A claim within the Claims Court's jurisdiction, however, must seek money damages. Moreover, those money damages must be presently due. *Overall Roofing & Constr. v. United States*, 929 F.2d 687, 689 (Fed.Cir.1991). Until Scott complies with 41 U.S.C. § 605(c)(2), its claim does not seek money presently due.

Without a final decision from the contracting officer, Scott's complaint in effect seeks a declaratory judgment. Under these circumstances, the Claims Court does not have jurisdiction to entertain motions for declaratory judgment. *Overall Roofing*, 929 F.2d at 688–89. Accordingly, the Claims Court must dismiss.

 The Claims Court, however, erred in dismissing the complaint with prejudice. On appeal, both parties agree that to dismiss with prejudice was incorrect. A dismissal with prejudice effectively renders an adjudication on the merits. Without jurisdiction, the Claims Court cannot presume to dismiss the complaint with prejudice. *See, Thoen v. United States*, 765 F.2d 1110, 1116 (Fed.Cir.1985). Therefore, the Order of the Claims Court is vacated and the case remanded with instructions to dismiss without prejudice.

### COSTS

Each party bears its own costs.

**VACATED AND REMANDED.**