60 F.3d 840
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 William W. CHOATE, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5032
 U.S. Court of Appeals, Federal Circuit
 June 8, 1995.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 ON MOTION
 ORDER
 RICH, Circuit Judge.
 
 
 1
 The United States moves for a summary affirmance of the Court of Federal Claims' judgment dismissing William W. Choate's action for lack of subject matter jurisdiction. Choate has not responded.
 
 
 2
 On October 14, 1994, Choate filed a complaint in the Court of Federal Claims seeking injunctive and declaratory relief. Choate requested (1) an injunction prohibiting a sheriff's sale confirmation proceeding pending an outside audit and independent examination of the loan balance; (2) a "declaratory judgment" requiring the Office of Thrift Supervision to conduct an examination of the loan balance and to obtain an outside audit; and (3) a "declaratory judgment" requiring the Secretary of the Interior either to declare a certain parcel of land to be restricted Indian land or to submit documentation of compliance with 25 U.S.C. Sec. 405 in alienating such restriction. Choate sought no monetary damages. The Court of Federal Claims dismissed Choate's action on the ground that the relief sought was not within the court's jurisdiction. Choate appealed to this court.
 
 
 3
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that summary disposition is warranted. The Tucker Act does not provide a means by which the Court of Federal Claims may grant injunctive or declaratory relief where the suit does not involve a pre-award bid protest or the application of section 7428 of the Internal Revenue Code. 28 U.S.C. Sec. 1491(a)(3); 28 U.S.C. Sec. 1507; see Overall Roofing & Const. Inc. v. United States, 929 F.2d 687, 690 (Fed. Cir. 1991) (Congress intentionally withheld broad declaratory judgment authority from the Court of Federal Claims). Because Choate does not seek actual, presently due monetary damages from the United States, he does not assert a "claim" that falls within the jurisdiction of the Court of Federal Claims. See United States v. King, 395 U.S. 1, 2-3 (1969) (jurisdiction of court has been limited to money claims against the federal government); Overall Roofing, 929 F.2d at 689 (the word "claim" carries with it the historical limitation that it must assert a right to presently due money).
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The United States' motion for summary affirmance is granted.
 
 
 6
 (2) Each side shall bear its own costs.