**Cloide C. BRANNING, d/b/a Pleasant Point Plantation, a Partnership, Plaintiff,**

**and**

**Morgan Guaranty Trust Company of New York, et al., Third-party Plaintiffs,**

**v.**

**The UNITED STATES, Defendant.**

**No. 400–76.**

United States Claims Court.

Oct. 22, 1986.

## ORDER ON MOTION FOR INJUNCTION TO PRESERVE THIS COURT'S JURISDICTION

WHITE, Senior Judge.

Rather extensive proceedings—including an oral argument on August 1, 1986, an evidentiary hearing on August 8, 1986, and another argument on October 17, 1986—have been conducted in connection with the "Motion for Injunction to Preserve This Court's Jurisdiction," which was filed on May 8, 1986, by third-party plaintiff Morgan Guaranty Trust Company of New York (Morgan).

Before the final judgment was entered by the United States Claims Court in this much-delayed and complex "taking" case on May 1, 1985, counsel for plaintiff Branning and for the several third-party plaintiffs, including Morgan, after negotiations, entered into and filed with the court a stipulation which was to prescribe the manner in which the amount of any award in the case was to be distributed among the parties plaintiff. The stipulation was accepted by the court, and its provisions were incorporated in the court's final judgment.

The defendant and plaintiff Branning appealed to the Court of Appeals for the Federal Circuit from this court's final judgment of May 1, 1985. However, the provision of the judgment governing the manner in which the amount of the judgment was to be distributed among the parties plaintiff was not involved in either appeal.

On February 14, 1986, the Federal Circuit rendered an opinion (on Appeal Nos. 85–2535 and 85–2536) affirming this court's judgment of May 1, 1985. On April 11, 1986, the Federal Circuit's judgment of affirmance was officially issued as a mandate to the Claims Court.

In the meantime, plaintiff Branning, without having sought from this court any relief under our Rule 60 from this court's judgment of May 1, 1985, filed a complaint in the United States District Court for the District of South Carolina against Morgan (and later amended the complaint to include Morgan's counsel in the litigation before

this court). The complaint in the District Court case (Civil Action No. 2:85–1783–8) sought (*inter alia*) to establish Mr. Branning's right to a larger share of the award in our case (Cl.Ct. No. 400–76) than was provided for in this court's final judgment of May 1, 1985.

Subsequently, plaintiff Branning filed in the Court of Common Pleas, Fourteenth Judicial Circuit, Beaufort County, South Carolina, another complaint against Morgan (and an additional defendant). This complaint (Civil Action No. 86–CP–07–928) also attacked (*inter alia*) the provision in this court's final judgment in Cl.Ct. No. 400–76 governing the distribution of the amount of the award among the parties plaintiff, contended that plaintiff Branning was entitled to a larger share of the award than was provided for in this court's final judgment, and asked that the South Carolina State Court issue an order requiring the defendants in that action "to show cause, if any it [sic] can, * * * why the Claims Court judgment proceeds should not be transferred to this Court's Registry or other escrow banking institution in South Carolina."

In the proceedings before this court on Morgan's motion for injunctive relief, Morgan requested the court to issue an order reading as follows:

ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED that plaintiff Cloide C. Branning and all persons or entities acting on behalf of Cloide C. Branning are hereby restrained and enjoined from instituting, prosecuting or otherwise supporting either directly or indirectly any lawsuit, legal action or other administrative remedy that seeks either directly or through the actions of others to do any of the following:

(1) To require or compel the payment of the proceeds of the Judgment of this Court in this action in any manner or to any person or entity other than as specified in the stipulation incorporated in the Final Judgment of this Court;

(2) To delay, condition or impede the payment of the proceeds of the Judg-ment of this Court in this action in any manner other than as set forth in the stipulation incorporated within the Final Judgment of this Court;

(3) To modify or otherwise challenge the validity or binding effect of the Final Judgment of this Court in this action or the actions of counsel during the proceedings before this Court leading to the judgment in this action before any court other than the United States Claims Court;

(4) to assert a claim against Morgan or its agents [regardless of the form of the relief now sought] that relates to Morgan's mortgage or foreclosure judgment at Pleasant Point Plantation and which could have been asserted by plaintiff in October, 1983 in reduction of the amount Morgan is entitled to recover and which would have been decided at that time except for plaintiff's agreement to the compromise and stipulation now incorporated in the Final Judgment as to the agreed amount that Morgan is entitled to recover.

■ Although this court, which was established by Congress under Article I of the Constitution, does not have general equity powers, the court has no doubt regarding its power to issue an injunction if and when the court should deem it necessary or advisable to do so in order to protect the jurisdiction of the court.

■ In 28 U.S.C. § 1651(a) (1982), Congress has provided that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Under certain earlier statutes, which are set out as a note under the present section 1651, Congress had specifically authorized the Supreme Court, the Federal Circuit Courts of Appeals, and the Federal District Courts to issue certain designated writs. Now, however, under section 1651(a), Congress has authorized *all* courts "established by Act of Congress" to issue such writs as may be needed in aid of their respective jurisdictions. This court is, of

course, a court established by act of Congress; and, accordingly, this court is authorized to issue such writs as may be necessary or appropriate in aid of its jurisdiction.

The proposition that this court is authorized by section 1651(a) to issue writs necessary or appropriate in aid of its jurisdiction finds support in the decision by our predecessor, the United States Court of Claims, in the case of *Kamen Soap Products Co. v. United States,* 124 Ct.Cl. 519, 110 F.Supp. 430 (1953). At the time when that case was decided, March 3, 1953, there was outstanding a Supreme Court decision, in the case of *Williams v. United States,* 289 U.S. 553, 53 S.Ct. 751, 77 L.Ed. 1372 (1933), holding that the Court of Claims was a court created under Article I of the Constitution, the legislative article, and not under Article III, the judicial article.[1] In the *Kamen* case, the Court of Claims had before it the question of whether it had the power to issue a subpoena *duces tecum* for the production of government papers. The court held that, as it was a court established by act of Congress, it was authorized by 28 U.S.C. § 1651 to issue the writ in question (124 Ct.Cl. at 534, 110 F.Supp. at 438).

At the time when the pending motion for injunctive relief was filed on May 8, 1986, it appeared that the issuance of an injunction might well be necessary or appropriate in aid of this court's jurisdiction in the *Branning* case.

The *Branning* case is a multi-million-dollar claim against the United States founded upon the Constitution; and this court has exclusive jurisdiction to render judgment upon such a claim (28 U.S.C. § 1491(a)(1) (1982)).[2] Although this court's judgment in the *Branning* case, rendered in the exercise of its exclusive jurisdiction, had been entered at the time when plaintiff Branning filed his actions in the United States District Court for the District of South Carolina and in the South Carolina State Court, the amount of the judgment had not been paid to the parties plaintiff. Plaintiff Branning was endeavoring, through the actions filed in South Carolina, to achieve a distribution of the proceeds of the judgment different from that provided for in this court's judgment.

As of the present time, however, the proceeds from this court's judgment in the *Branning* case have, by order of the court dated October 17, 1986, been distributed among the parties plaintiff in accordance with the provisions of the judgment. Hence, no action taken by plaintiff Branning in another court can adversely affect the right of any party plaintiff to receive a proper share of the proceeds of this court's judgment dated May 1, 1985, in accordance with the provisions of such judgment.

In view of the present situation, the court deems it unnecessary to grant the injunctive relief requested by Morgan in order to preserve the court's jurisdiction.

### *Conclusion*

For the reasons explained in the foregoing discussion, the court concludes that the pending motion for injunctive relief should be, and it is hereby, denied without prejudice.

IT IS SO ORDERED.

---

1. The status of the Court of Claims as an Article III court was later recognized, following the passage of the Act of July 28, 1953 (67 Stat. 226) and the subsequent decision of the Supreme Court in *Glidden Co. v. Zdanok,* 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962).

2. The United States District Courts have concurrent jurisdiction with this court to adjudicate such claims not exceeding $10,000 in amount (28 U.S.C. § 1346(a)(2)).