SECURITY SAVINGS AND
LOAN ASSOCIATION,
et. al, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 92–577C.

United States Claims Court.

Sept. 10, 1992.

---

Ben F. Johnson, III, Atlanta, Ga., for plaintiff. Mary C. Gill, Atlanta, Ga., and Alan W. Perry, Jackson, Miss., of counsel.

Jerry Stouck, counsel for Glendale Federal Bank, FSB, Washington, D.C., filed an amicus brief.

Anne L. Weismann, Asst. Director, Federal Programs Branch, U.S. Dept. of Justice, Washington, D.C., with whom was Stuart M. Gerson, Asst. Atty. Gen., for defendant. Gary A. Orseck, Washington, D.C., of counsel.

## OPINION

LOREN A. SMITH, Chief Judge.

This matter is before the court following an emergency oral argument held September 9, 1992. Plaintiff, Security Savings and Loan Association ("Security"), seeks a temporary restraining order ("TRO") or preliminary injunction to enjoin the United States from taking any action to interfere

with the operations or control of Security or its subsidiaries. Counsel for plaintiff informed the court at oral argument that he has reason to believe that there is a high likelihood that plaintiff will be taken over by the Office of Thrift Supervision ("OTS"), and the Resolution Trust Corporation appointed as Security's receiver, in a matter of days. Following careful consideration of the issues presented at the oral argument held on September 9, 1992, the court denies plaintiffs' motions for a temporary restraining order and a preliminary injunction.

## FACTS

This action was initiated in the United States District Court for the Southern District of Mississippi on September 26, 1990. In its complaint, Security sought declaratory judgment, damages and equitable relief against defendant. Its claims stem from agreements plaintiff entered into with the Federal Home Loan Bank Board in 1984, whereby Security acquired certain failing savings and loan institutions. Security was allowed under those agreements to treat certain Income Capital Certificates, cash, and the supervisory goodwill created by the acquisition of those insolvent thrifts as capital assets. Upon the enactment of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) the alleged contract between plaintiff and the government was breached, giving rise to this suit.

On October 16, 1990, the District Court granted in part and denied in part plaintiff's motion for a temporary restraining order. As a result, the government could continue excluding supervisory goodwill from Security's capital in accordance with FIRREA, but was enjoined from consolidating plaintiff's subsidiary corporations. However, on February 21, 1991, following a hearing on plaintiff's motion for a preliminary injunction, the District Court issued an opinion finding that defendant was contractually obligated to permit plaintiff to treat the ICCs, cash contribution and supervisory goodwill as capital assets. *Security Savings and Loan v. Office of Thrift Supervision*, 761 F.Supp. 1277, 1284 (S.D.Miss.1991).

On May 18, 1992, the United States Court of Appeals for the Fifth Circuit reversed that portion of the District Court's opinion, finding that FIRREA abrogated the agreements entered into between Security and the government. In addition, The Fifth Circuit held that the Claims Court was the proper forum in which to resolve the dispute. *Security Savings and Loan Association v. Director, Office of Thrift Supervision*, 960 F.2d 1318, 1323 (5th Cir. 1992). On June 16, 1992, the District Court granted plaintiff's motion to transfer the case to this court.

## DISCUSSION

■ Plaintiff has put forth strong and cogent reasons why the interests of justice in this particular case might call for equitable relief in this court as plaintiff's only possible legal redress. Its reasoning is as follows: Unless the court grants plaintiff's motion for a TRO, the government will put plaintiff into receivership. The government will then have no desire to litigate against itself the potential claim plaintiff asserts based upon this court's decision in *Winstar v. United States*, 25 Cl.Ct. 541 (1992). Moreover, plaintiff contends, it would also arguably run the risk of forfeiting its underlying claim in this court if it tried to defend against the receivership effort in the district court, based upon the reasoning of the Court of Appeals for the Federal Circuit's recent *en banc* decision in *UNR Industries v. United States*, 962 F.2d 1013 (Fed.Cir.1992). There is also a strong possibility that the District Court would find no jurisdiction based upon the Fifth Circuit's decision in this case. *Security Savings and Loan*, 960 F.2d at 1323. Thus, plaintiff alleges a "Catch–22" situation. It cannot vindicate its alleged underlying contract right, which may only be done in this court, *Id.*, without endangering and quite possibly forfeiting that very right through a necessary equitable action in the district court.

The court is unable at this time to determine whether this assertion is true or not.

Plaintiff, however, has given strong arguments in support of its dilemma while the government has asserted that it does not believe *UNR* would effectively bar such an equitable action in the district court. At this point, however, the court must assume that plaintiff's position is correct. Even so, this court's duty to follow the law bars granting the relief plaintiff seeks.

■■■■ All federal courts, other than the Supreme Court, are creatures of federal statute. Under our form of government, they exercise only those powers granted them by the elected branches of government. That is the very meaning of a democratic republic. It matters little whether this court believes the statutory powers granted in a particular case are inadequate to do what the court may feel justice or efficiency would dictate. Courts are as much bound by the law as are the other instrumentalities of government. On the basis of well-established precedent interpreting this court's statutory authority, this court does not have the jurisdiction to issue the equitable relief plaintiff seeks.

■■■■ Absent congressional consent to entertain a claim against the United States, the court lacks jurisdiction to grant relief. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Such consent must be explicit and is construed strictly. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *Fidelity Construction Co. v. United States,* 700 F.2d 1379, 1383 (Fed.Cir.1983). Therefore, a waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. *United States v. Testan,* 424 U.S. at 399, 96 S.Ct. at 953; *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); *United States v. Sherwood,* 312 U.S. 584, 587–88, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). Moreover, this court cannot issue injunctions unless specifically authorized by statute to do so. *United States v. King,* 395 U.S. at 4, 89 S.Ct. at 1502; *Overall Roofing v. United States,* 929 F.2d 687

(Fed.Cir.1991). The only statutory authorization for temporary restraining orders in the Claims Court is limited to pre-award bid protest cases. 28 U.S.C. § 1491(a)(3) (1988). Despite plaintiff's well-argued contentions, the All Writs Act, 28 U.S.C. § 1651, does not alter this conclusion.

■■■ Under the All Writs Act, "the Supreme Court and all Courts established by Act of Congress may issue writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id.* Issuing writs under the All Writs Act is drastic action and is "to be invoked only in extraordinary situations." *Kerr v. United States District Court for the Northern District of California,* 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). In addition, the All Writs Act does not confer power on a court to expand its jurisdiction beyond clearly expressed statutory limits. *See Clark v. Busey,* 959 F.2d 808 (9th Cir.1992). Plaintiff argues that its impending takeover by the OTS, and the potential appointment of the RTC as its receiver, is an extraordinary situation warranting the issuance of an injunction, and that such action is necessary to preserve the court's jurisdiction in this case.

In support of this argument, plaintiff cites *Branning v. United States,* 11 Cl.Ct. 136 (1986). In *Branning,* the third-party plaintiff filed suit in the United States District Court for the District of South Carolina seeking a right to a larger share of an award granted in a final judgment of the Claims Court. The court in that case held that an injunction was unnecessary as the award had already been distributed in accordance with the judgment. However, the court noted that it had the power to issue such an injunction under the All Writs Act in order to preserve its jurisdiction to enter final judgments on claims for money damages against the government. *Id.* at 139.* In the instant case, plaintiff contends that an injunction is likewise necessary to preserve this court's jurisdiction because, upon

---

* Plaintiff correctly points out that the Claims Court has never issued an injunction under the  All Writs Act.

the appointment of the RTC as a conservator or receiver, the issues in this case will become moot. Plaintiff contends that should the RTC takeover, plaintiff will then be effectively controlled by the government and the RTC would be in a position to dismiss plaintiff's claims against the government.

While the court understands plaintiff's concerns, it is not entirely clear that the issues in this case will become moot should the RTC be appointed as plaintiff's receiver or conservator. If the RTC is so appointed, it will succeed to all of plaintiff's financial interests, including its legal claims. *See* 12 U.S.C. § 1821(d)(2)(A) and (d)(2)(B)(ii). While the receiver would have to determine whether to pursue plaintiff's claims, the appointment of the RTC would not automatically moot those claims. However, even were this to be the case, it can not create new jurisdiction in our court contrary to the will of Congress and the President acting under our Constitution.

### CONCLUSION

For the reasons set forth above, plaintiff's Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction are denied.