983 F.2d 1085
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SECURITY SAVINGS AND LOAN ASSOCIATION, Bailey Mortgage
Company and Security Trust Federal Savings and
Loan Association, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5175.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 The following have been submitted:
 
 1
 (1) Security Savings and Loan Association et al.'s motion for an injunction pending appeal;*
 
 
 2
 (2) Security's motion for oral argument;
 
 
 3
 (3) Security's motion for leave to file a reply to the United States' response (filed before the United States filed its response);
 
 
 4
 (4) Security's letter regarding the official caption;
 
 
 5
 (5) Glendale Federal Bank's unopposed motion for leave to file an amicus curiae memorandum in support of Security's motion for an injunction;
 
 
 6
 (6) C. Roberts Suess et al.'s opposed motion for leave to file an amicus curiae memorandum;
 
 
 7
 (7) The United States' opposition to Security's motion for an injunction; and
 
 
 8
 (8) The United States' notice of supplemental authority.
 
 
 9
 This matter stems from Security's case in the United States District Court for the Southern District of Mississippi against the Office of Thrift Supervision and the Federal Deposit Insurance Corporation. Security sought damages and injunctive relief against the new capital requirements imposed by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). The district court held that a savings clause in FIRREA exempted Security from the new capital standards. On appeal, the Fifth Circuit reversed and remanded holding that Congress intended FIRREA to abrogate previous agreements inconsistent with FIRREA's rigorous capital requirements. The Fifth Circuit also noted that any claim for compensation for a taking was within the jurisdiction of the Claims Court.
 
 
 10
 On remand, Security asked the district court to transfer its case to the Claims Court and for a preliminary injunction. The district court granted the motion to transfer and denied the motion for an injunction. In the Claims Court, Security moved pursuant to the All Writs Act for a temporary restraining order and a preliminary injunction to enjoin the United States from taking any action to interfere with the operations or control of Security or its subsidiaries. On September 10, 1992, the Claims Court denied the motion:
 
 
 11
 Plaintiff has put forth strong and cogent reasons why the interests of justice in this particular case might call for equitable relief in this court as plaintiff's only possible legal redress. Its reasoning is as follows: Unless the court grants plaintiff's motion for a TRO, the government will put plaintiff into receivership. The government will then have no desire to litigate against itself the potential claim plaintiff asserts based upon this court's decision in Winstar v. United States, 25 Cl.Ct. 541 (1992). Moreover, plaintiff contends, it would also arguably run the risk of forfeiting its underlying claim in this court if it tried to defend against the receivership effort in the district court, based upon the reasoning of the Court of Appeals for the Federal Circuit's recent en banc decision in UNR Industries v. United States, 962 F.2d 1013 (Fed.Cir.1992). There is also a strong possibility that the District Court would find no jurisdiction based upon the Fifth Circuit's decision in this case. Security Savings and Loan, 960 F.2d at 1323. Thus, plaintiff alleges a "Catch-22" situation. It cannot vindicate its alleged underlying contract right, which may only be done in this court, id., without endangering and quite possibly forfeiting that very right through a necessary equitable action in the district court.
 
 
 12
 The court is unable at this time to determine whether this assertion is true or not. Plaintiff, however, has given strong arguments in support of its dilemma while the government has asserted that it does not believe UNR would effectively bar such a equitable action in the district court. At this point, however, the court must assume that plaintiff's position is correct. Even so, this court's duty to follow the law bars granting the relief plaintiff seeks.
 
 
 13
 All federal courts, other than the Supreme Court, are creatures of federal statute. Under our form of government, they exercise only those powers granted them by the elected branches of government. That is the very meaning of a democratic republic. It matters little whether this court believes the statutory powers granted in a particular case are inadequate to do what the court may feel justice or efficiency would dictate. Courts are as much bound by the law as are the other instrumentalities of government. On the basis of well-established precedent interpreting this court's statutory authority, this court does not have the jurisdiction to issue the equitable relief plaintiff seeks.
 
 
 14
 Absent congressional consent to entertain a claim against the United States, the court lacks jurisdiction to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976). Such consent must be explicit and is construed strictly. United States v. Mitchell, 445 U.S. 535, 538 (1980); Fidelity Construction Co. v. United States, 700 F.2d 1379, 1383 (Fed.Cir.1983). Therefore, a waiver of sovereign immunity cannot be implied but must be unequivocally expressed. United States v. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969); United States v. Sherwood, 312 U.S. 584, 587-88 (1941). Moreover, this court cannot issue injunctions unless specifically authorized by statute to do so. United States v. King, 395 U.S. at 4; Overall Roofing v. United States, 929 F.2d 687 (Fed.Cir.1991). The only statutory authorization for temporary restraining orders in the Claims Court is limited to pre-award bid protest cases. 28 U.S.C. § 1491(a)(3) (1988). Despite plaintiff's well-argued contentions, the All Writs Act, 28 U.S.C. § 1651, does not alter this conclusion.
 
 
 15
 Under the All Writs Act, "the Supreme Court and all Courts established by Act of Congress may issue writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Id. Issuing writs under the All Writs Act is drastic action and is "to be invoked only in extraordinary situations." Kerr v. United States District Court for the Northern District of California, 426 U.S. 394, 402 (1976). In addition, the All Writs Act does not confer power on a court to expand its jurisdiction beyond clearly expressed statutory limits. See Clark v. Bussey, 959 F.2d 808 (9th Cir.1992). Plaintiff argues that its impending takeover by the OTS, and the potential appointment of the RTC as its receiver, is an extraordinary situation warranting the issuance of an injunction, and that such action is necessary to preserve the court's jurisdiction in this case.
 
 
 16
 In support of this argument, plaintiff cites Branning v. United States, 11 Cl.Ct. 136 (1986). In Branning, the third-party plaintiff filed suit in the United States District Court for the District of South Carolina seeking a right to a larger share of an award granted in a final judgment of the Claims Court. The court in that case held that an injunction was unnecessary as the award had already been distributed in accordance with the judgment. However, the court noted that it had the power to issue such an injunction under the All Writs Act in order to preserve its jurisdiction to enter final judgments on claims for money damages against the government. Id. at 139.* [footnote follows:] * [Plaintiff correctly points out that the Claims Court has never issued an injunction under the All Writs Act] [footnote ends]. In the instant case, plaintiff contends that an injunction is likewise necessary to preserve this court's jurisdiction because, upon the appointment of the RTC as a conservator or receiver, the issues will become moot. Plaintiff contends that should the RTC takeover, plaintiff will then be effectively controlled by the government and the RTC would be in a position to dismiss plaintiff's claims against the government.
 
 
 17
 While the court understands plaintiff's concerns, it is not entirely clear that the issues in this case will become moot should the RTC be appointed as plaintiff's receiver or conservator. If the RTC is so appointed, it will succeed to all of plaintiff's financial interests, including its legal claims. See 12 U.S.C. § 1821(d)(2)(A) and (d)(2)B)(ii). While the receiver would have to determine whether to pursue plaintiff's claims, the appointment of the RTC would not automatically moot those claims. However, even were this to be the case, it can not create new jurisdiction in our court contrary to the will of Congress and the President acting under our Constitution.
 
 
 18
 Security appealed the Claims Court's denial of its motion for a preliminary injunction and here seeks an injunction pending appeal.
 
 
 19
 In deciding whether to grant relief pending appeal, we look to the traditional factors, i.e., the likelihood of success on the merits, the irreparable harm to the movant, the substantial injury to the other parties, and the public interest. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Standard Havens Products v. Gencor Industries, 897 F.2d 511, 512 (Fed.Cir.1990). Each factor need not be given equal weight. Standard Havens, 897 F.2d at 512. In this case, because the Claims Court determined that it lacked jurisdiction to issue an injunction, Security's showing of likelihood of success on this factor is of great importance. Indeed, if the Claims Court lacked jurisdiction, then the other factors are of little importance. Hence, Security must show that this court is likely to reverse the Claims Court on this point in order to prevail here.
 
 
 20
 Security has not shown that it is likely to prevail. The Claims Court has jurisdiction only where and to the extent that the government has waived its sovereign immunity, and any waiver of immunity cannot be implied but must be unequivocally expressed. United States v. King, 395 U.S. 1, 4 (1969). The Tucker Act did not expand the Claims Court's jurisdiction to equitable matters. Id. Moreover, Congress has expanded the scope of the Claims Court's equitable powers in one specific area, pre-award bid protest cases. 28 U.S.C. § 1491(a)(3). See also Overall Roofing & Const. v. U.S., 929 F.2d 687, 689 (Fed.Cir.1991). Congress has not done so in any other area. Nor has Security shown that the Claims Court likely erred when it held that it cannot grant itself equitable powers pursuant to the All Writs Act that it otherwise lacks.
 
 
 21
 Accordingly,
 
 IT IS ORDERED THAT:
 
 22
 (1) Security's motion for a stay pending appeal is denied.
 
 
 23
 (2) Security's motion for oral argument is denied.
 
 
 24
 (3) Security's motion for leave to file a reply is denied.
 
 
 25
 (4) Security's concerns about the official caption in misc. no. 355 are moot.
 
 
 26
 (5) Glendale's motion for leave to file an amicus curiae memorandum is granted.
 
 
 27
 (6) Suess's motion for leave to file an amicus curiae memorandum is granted.
 
 
 28
 (7) The revised official caption is reflected above.
 
 
 
 *
 This matter was initially docketed as misc. no. 355 wherein Security Savings and Loan Association et al. sought a writ. In the alternative, Security stated that after it had noticed an appeal, the petition could be treated as a Fed.R.App.P. 8(a) motion for an injunction pending appeal. Security has now filed an appeal and all documents are being treated as having been filed within appeal no. 92-5175. Security's submission is being trated as a Rule 8(a) motion for an injunction pending appeal