ORIGINAL

# In the United States Court of Federal Claims

Nos. 15-640C & 15-820C
(Filed November 30, 2015)
NOT FOR PUBLICATION

FILED

NOV 3 0 2015

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
                                              *
                                              *
RON HADDAD, Jr.,                              *
                                              *
                Plaintiff,                    *
        v.                                    *
                                              *
THE UNITED STATES,                            *
                                              *
                Defendant.                    *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

The matters before the Court are the defendant's motions to dismiss these consolidated cases pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). For the reasons discussed below, defendant's motions are **GRANTED** due to plaintiff's failure to state a claim within this court's jurisdiction.

## I. BACKGROUND

On June 22, 2015, the Clerk's office received two different complaints from Ron Haddad, Jr., who is representing himself in these matters. One identified Judge Virginia M. Kendall as defendant (the Kendall complaint), and the other listed as defendants Ruben Castillo, "The Executive Committee," U.S. District Court Clerk Thomas G. Bruton, and Court Reporter Gayle A. McGuigan (the Castillo complaint). Inadvertently, both were stamped as case No. 15-640C, and the Kendall complaint was scanned into CM/ECF and served upon the government, while the Castillo complaint was delivered to Chambers. Due to this oversight, the Castillo complaint was not properly filed at the time of receipt.

A subsequent document concerning Judge Kendall, received from plaintiff on July 28, 2015, appeared to raise a new matter before the Court and was filed as the

complaint in case number 15-820C. In addition to Judge Kendall, the complaint identified U.S. Attorneys William Ridgway, Joe Thompson, and Zachary Fardon, and presentencing investigator Sarah Kieckhafer, as the improperly-named defendants.[1] It was not until Mr. Haddad filed two documents, one with case number 15-640C and the other with case number 15-820C, both discussing Judge Kendall, that the Court reviewed the complaint scanned into the ECF system as number 15-640C and realized that the document was not the same document Chambers received with the stamp of case number 15-640C. Subsequently, cases 15-640C and 15-820C have been consolidated since both concern Judge Kendall, and the Castillo complaint has been filed as case number 15-1075C.

Plaintiff is currently serving a 150-month prison sentence after being convicted of 30 separate counts of mailing threatening communications in violation of 18 U.S.C. §§ 875(c), 876(c). *United States v. Haddad*, No. 09 CR 115, 2015 WL 161659, at *1 (N.D. Ill. Jan. 13, 2015). Judge Kendall of the U.S. District Court for the Northern District of Illinois presided over plaintiff's trial. *Id.* Judge Kendall had also presided over an earlier civil suit where Mr. Haddad unsuccessfully sued Dominican University and Sallie Mae for allegedly "inducing him to execute student loans and failing to evaluate his eligibility to receive those loans." *Haddad v. Dominican Univ.*, No. 06 C 0506, 2007 WL 809685, at *2 (N.D. Ill. Mar. 15, 2007). Mister Haddad appealed his criminal conviction to the Seventh Circuit, where the appeal is still pending. *See United States v. Haddad*, No. 15-1398 (7th Cir.). There he attempted to file three documents, each titled "Notice of Emergency Extra-Ordinary Writ of Mandamus by Necessity Doctrine." *See* Order, *United States v. Haddad*, No. 15-1398 (7th Cir. July 9, 2015), ECF No. 30. The Seventh Circuit did not considered these documents, explaining that the proper course for Mr. Haddad to challenge his conviction or sentence was for him to make his arguments in an opening brief. *Id.*

Plaintiff subsequently filed his complaints in our court. Mister Haddad alleges that Judge Kendall committed fraud against him, in violation of the duties of her office, through her adverse ruling in his civil case against Dominican University and Sallie Mae.[2] Compl., No. 15-640C, ¶¶ 2–3. Among other things, he contends Judge Kendall held a hearing in his absence and gave preferential

---

[1] In complaints filed in our court, the United States is the only proper defendant. *See* RCFC 10(a); *see also Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003).

[2] To the extent that Mr. Haddad is challenging any actions which resulted in the adverse outcome of his 2007 civil suit, this challenge is beyond our jurisdiction. The six-year period for filing a lawsuit under the applicable statute of limitations, 28 U.S.C. § 2501 --- which is jurisdictional in nature, *see John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134–36 (2008) --- had expired years before the first complaint was filed.

treatment to his adversaries. *Id.* Plaintiff claims that Judge Kendall violated 28 U.S.C. § 455(a), (b)(1), and (b)(4) by failing to recuse herself from his criminal case. *Id.* ¶ 3; Compl., No. 15-820C, ¶ 3.[3] Mister Haddad further contends that two U.S. Attorneys committed fraud and withheld Grand Jury records, Compl., No. 15-820C, Attachs. at 8, 12, one of whom additionally made a false declaration during trial, *id.*, Attach. at 19.[4] And he alleges that a presentencing investigator lied regarding the availability of sentence enhancements. *Id.*, Attach. at 8.

Both complaints in these consolidated cases request the same three forms of relief: the vacation of the judgment entered against him in criminal case No. 09-cv-115; the firing of Judge Kendall, as well as her complete ban from practicing law or ever again holding public office;[5] and damages in the amount of $20,000,000.00. Compl., No. 15-640C, ¶ 4; Compl., No. 15-820C, ¶ 4. To the latter-filed complaint, Mr. Haddad adds the request for a writ of mandamus that was denied by the Seventh Circuit. Compl., No. 15-820C, ¶¶ 2–3.

Plaintiff describes the complaints as being brought under "Motion 60(b),(3),(4)," *see* Compl., No. 15-640C, ¶¶ 1–2; Compl., No. 15-820C, ¶¶ 1–2, by which he apparently means RCFC 60, the rule providing for relief from final judgment.[6] He contends our jurisdiction comes from the United States Constitution (specifically, Articles I, III, and VI, as well as Amendments 6, 8, and 14); and 28 U.S.C. § 455 (Disqualification of justice, judge, or magistrate judge). Compl., No. 15-640C, ¶¶ 1–3; Compl., No. 15-820C, ¶¶ 1–3. Defendant moved to dismiss this case under RCFC 12(b)(1) and (6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.[7] Def.'s Mot. to Dismiss, No. 15-640C, at 1; Def.'s Mot. to Dismiss, No. 15-820C, at 1.

---

[3] Plaintiff misidentifies this provision as section 445, instead of 455.

[4] The Court can discern no specific allegations against Mr. Fardon.

[5] The complaint in case no. 15-820C also requests that Messrs. Ridgway, Thompson, and Fardon, and Ms. Kieckhafer, be fired and banned from holding public office.

[6] This rule, however, only applies to judgments issued by our court, as the mutual predecessor of our court and the Federal Circuit has held that such a rule does not extend our jurisdiction to reach matters decided in other courts. *See Carney v. United States*, 199 Ct. Cl. 160, 162–64 (1972).

[7] The government filed two dismissal motions: one for the 15-640C Kendall complaint and one for the 15-820C Kendall complaint. Both raise RCFC 12(b)(1) grounds. The motion to dismiss case number 15-640C also raises RCFC 12(b)(6) as a ground for dismissal. The Court does not address the 12(b)(6) ground, due to the

In his response, plaintiff relies on 5 U.S.C. § 556(d), part of the Administrative Procedure Act (APA), 5 U.S.C. §§ 551 *et seq.*, to support his assertion that this court has jurisdiction over the claims in his complaints. Pl.'s Resp. at 1, ECF No. 11.[8] But, as the Federal Circuit has unambiguously held, "the Court of Federal Claims lacks APA jurisdiction." *Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003) (en banc).[9] Plaintiff also maintains that the individuals named in his complaints have conceded that the allegations are true by not responding to his writs during the time periods he provided them. Pl.'s Resp. at 1. He also argues that his indictment cited statutes concerning kidnapping rather than threats to use explosives, *id.* at 1–2; adds the Fifth Amendment to the constitutional provisions allegedly violated by Judge Kendall, when she claimed he was limited to three consecutive court-appointed lawyers, *id.* at 2; and reiterates his belief that our jurisdiction may be based on provisions in the body of the Constitution, *id.* at 2–3 (citing U.S. CONST. art. I, § 3, cl. 7; art. II, § 2, cl. 4; art. III, § 1; and art. VI, cl. 2).[10] In a sur-reply, plaintiff cites the Constitution's oath of office provision, Article VI, clause 3, and maintains that jurisdiction may be exercised due to allegations of wrongful conviction and imprisonment. Pl.'s Sur-Reply at 1, ECF No. 13.

## II. DISCUSSION

### A. Subject-Matter Jurisdiction

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering a motion to dismiss a case for lack of subject-matter jurisdiction, courts will accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for

---

lack of jurisdiction over the matters raised in that complaint.

[8] Each document submitted by Mr. Haddad in response to the two motions has been filed in both cases. For ease of reference, the Court provides the corresponding docket number for each filing in the earlier-filed case (number 15-640C).

[9] Moreover, section 556(d) governs the procedures of agency hearings (specifically the burden of proof and presentation of evidence), and thus has no bearing on the jurisdiction of this court or the procedures this court must follow.

[10] Plaintiff misidentifies the first provision as Article I, clause 7, and then mistakenly corrects the reference in his sur-reply as Article I, section 7. Pl.'s Sur-Reply at 1. Since two the other cited provisions relate to impeachment and the term of office for judges, the Court assumes Mr. Haddad intended to cite Article I, section 3, clause 7, which concerns the punishment for impeachment.

lack of subject-matter jurisdiction this court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

Although a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed. *See, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction---here, Mr. Haddad---bears the burden of establishing it and must ultimately do so by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

## B. Analysis

Taking into consideration Mr. Haddad's *pro se* status by broadly construing his arguments and, of course, assuming that all of his allegations are true, the Court still finds that none of his claims falls within our jurisdiction. Plaintiff, representing himself in these matters, insists that the facts alleged are established by the failure of individuals to respond to papers he has filed in other cases. But even if everything he says about the judges, lawyers, and other official discussed in the complaints is true, this Court cannot entertain these cases unless a jurisdictional basis has been properly invoked.

The government raised at least five reasons for dismissing these cases for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). First, the government argues that this court does not possess jurisdiction over plaintiff's claims because he brought them against federal officers, rather than against the United States as required by the Tucker Act. Def.'s Mot. to Dismiss, No. 15-820C, at 6; *see Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." (emphasis omitted)). To the extent that Mr. Haddad is bringing claims against any of the named individuals, the government is correct that these must be dismissed. Taking plaintiff's *pro se* status into account, however, the Court construes his complaints to also be against the United States, and proceeds to review the motions on that basis.

Turning to the government's second argument, it claims that this court does not have jurisdiction to issue Mr. Haddad's requested writ of mandamus. Def.'s Mot. to Dismiss, No. 15-820C, at 5–6. The Court agrees. There are two Federal statutes that allow a party to obtain a writ of mandamus: 28 U.S.C. § 1361 and the All Writs Act, 28 U.S.C. § 1651(a). Section 1361 of title 28 of the U.S. Code grants power of mandamus only to federal district courts, and although this court is a federal

court, it is not a federal district court. *See Warren v. United States*, 106 Fed. Cl. 507, 512 (2012). Second, the All Writs Act provides that all courts established by an Act of Congress (as well as the Supreme Court) "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This Act may only be invoked in extraordinary circumstances, and the party invoking the writ must prove that its right to the writ is "clear and indisputable." *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402–03 (1976). Most significantly for our purposes, the All Writs Act does not expand a court's jurisdiction beyond "clearly expressed statutory limits." *Sec. Sav. & Loan Ass'n v. United States*, 26 Cl. Ct. 1000, 1003 (1992).[11] The writ is a remedy, not an independent source of jurisdiction. Even if Mr. Haddad were able to demonstrate that his right to a writ of mandamus is "clear and indisputable," *Kerr*, 426 U.S. at 403, he would still need to identify a claim within our jurisdiction to which the writ may be applied.

Third, the government argues that plaintiff's statutory and constitutional claims are beyond the court's jurisdiction because they do not seek relief under a money-mandating provision. Def.'s Mot. to Dismiss, No. 15-640C, at 3–4. For a statutory or constitutional violation to come within the jurisdiction of this court, the statue or clause allegedly violated must contain a provision that entitles one to money damages. *See United States v. Testan*, 424 U.S. 392, 398 (1976); *Contreras v. United States*, 64 Fed. Cl. 583, 588 (2005); *see also Eastport Steamship Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1976) (explaining that our court does not have jurisdiction to hear "every claim involving or invoking the Constitution"). Plaintiff's reliance on the Sixth, Eighth, and Fourteenth Amendments is misplaced because those amendments are not money-mandating. *See Gable v. United States*, 106 Fed. Cl. 294, 297 (2012) (stating that the Sixth Amendment is not money-mandating); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (holding that the Eighth Amendment is not a money-mandating provision); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed.Cir.2013) (holding that the Fourteenth Amendment is not money-mandating).[12] In addition, the Fourteenth Amendment does not apply to the actions of the federal government. *Fry v. United States*, 72 Fed. Cl. 500 (2006) (citing *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987)).

---

[11] The injunctive powers of our court are narrowly limited to restoration of office or status, correction of records, administrative remands, and bid protest remedies. *See* 28 U.S.C. § 1491(a)(2), (b)(2).

[12] To the extent that plaintiff is attempting to allege a violation of the Fifth Amendment's Due Process clause, *see* Pl.'s Resp. at 2, this, too does not provide a money-mandating basis for our jurisdiction, *see Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).

The other portions of the Constitution identified by plaintiff similarly lack any reference to an entitlement to money damages for their violation. Two provisions concern the removal from and disqualification for federal office upon impeachment and conviction. U.S. CONST., art. I, § 3, cl. 7; art. II, § 2, cl. 4. Another provision specifies that judges hold office while on good behavior. *Id.*, art. III, § 1. The other two make the Constitution and proper legislation the supreme law of the land, and require that officeholders take an oath in support. *Id.*, art. VI, cls. 1, 3. Other than the guarantee that federal judges will not have their compensation diminished while in office, *id.*, art. III, § 1; *see United States v. Hatter*, 532 U.S. 557, 560–61 (2001), no money mandate can be found among these provisions. And section 455 of title 28 of the U.S. Code deals with the circumstances when a judge shall disqualify herself and contains no provision for monetary relief, thus failing to support a claim within our jurisdiction.

Fourth, the government correctly points out that this court does not possess jurisdiction over criminal matters. Def.'s Mot. to Dismiss, No. 15-820C, at 6. "This Court lacks jurisdiction to consider claims which amount to collateral attacks on criminal convictions." *Perkins v. United States*, No. 13-023C, 2013 WL 3958350, at *3 (Fed. Cl. July 31, 2013). To the extent that one could construe plaintiff's claims as requesting a review of his criminal conviction or the actions of the Seventh Circuit, this court lacks jurisdiction. This court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *see also Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (explaining that our court is not an appellate tribunal, and "does not have jurisdiction to review the decisions of district courts"). Nor do we have jurisdiction to review the decisions of federal courts of appeal. *See Bafford v. United States*, No. 09–030, 2009 WL 2391785, at *4 (Fed. Cl. Aug. 3, 2009).

Finally, the government argues that this court does not have jurisdiction over plaintiff's claim that he is entitled to $20,000,000. Def.'s Mot. to Dismiss, No. 15-820C, at 6–7. The government states that broadly construing Mr. Haddad's complaint, his monetary claim might be premised on his allegedly unjust conviction and imprisonment under 28 U.S.C. § 1495. *Id.* Indeed, Mr. Haddad has invoked the nature-of-suit code corresponding to unjust conviction and imprisonment, from the cover sheet used for complaints in our court, *see* RCFC App'x of Forms, Form 2, in his attempt to establish jurisdiction. Pl.'s Sur-Reply at 1. In order for this court to have jurisdiction under section 1495, a plaintiff must allege and prove that his conviction has been reversed or set aside on the ground that he is not guilty or pardoned and that he did not commit the acts which were the basis of his conviction, in accordance with the requirements of 28 U.S.C. § 2513(a). *See Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958) (per curiam). Here, defendant has not alleged that his conviction has been set aside --- to the contrary, he is currently serving a 150-month sentence in prison. Accordingly, section 1495 provides no basis

for the exercise of jurisdiction over Mr. Haddad's request that he be awarded $20,000,000.

As recounted above, our court lacks jurisdiction over the subject-matter of plaintiffs complaints, and dismissal is warranted under RCFC 12(b)(1).

### III. CONCLUSION

For the foregoing reasons, the defendant's motions to dismiss case number 15-640C and case number 15-820C, pursuant to RCFC 12(b)(1), are **GRANTED** due to the lack of subject-matter jurisdiction over the claims in the cases. The Clerk is directed to close these two cases.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge